PETRIE *v.* STEEDLY *et al.*

No action lies in favor of the surviving partner-against the representative of the deceased partner to recover back the whole premium paid by the plaintiff to the intestate of the defendant for being taken into a partnership with the latter in his professional business as a physician, the partnership term agreed upon being two years, and dissolution by death having taken place within a few days after the expiration of three months, the contract of partnership being silent touching death or dissolution thereby, and touching a return of the money paid as premium or any part thereof. The petition in the present case makes no offer to apportion the premium or application to have it apportioned, nor does it allege that it is apportionable; and no facts are set forth upon which any apportionment could be made.
July 23, 1894.

Action on contract. Before Judge HUTCHINS. Clarke superior court. April term, 1893.

THOMAS & STRICKLAND, by HARRISON & PEEPLES, for plaintiff. ERWIN & COBB, for defendants.

SIMMONS, Justice.

It appears from the declaration that Dr. Steedly, a physician residing in Athens, Ga., entered into a partnership with Dr. Petrie, a non-resident physician, on the 8th of December, 1891, for a term of two years. The contract of partnership recited that Dr. Steedly, being established in Clarke county in the practice of medicine and desiring to enter the practice of surgery to a greater degree than formerly, believed it best to take a partner;

that Dr. Petrie, after looking over the field and work, was favorably disposed and inclined to come and had come, and that they agreed as follows: Dr. Steedly to associate Dr. Petrie with him as an equal partner, the partnership to include everything in the way of private practice, sanitarium, hospital, training school or otherwise as they might see proper to enlarge their professional work, and that Dr. Petrie was to pay Dr. Steedly $1,000 in cash, and at the end of the first year $500 additional, if they had collected out of the partnership business as much as $6,000, or had its equivalent in accounts, etc. The partnership, as above stated, was to last two years. Dr. Petrie paid the $1,000 in cash upon entering into the partnership. A little more than three months thereafter, Dr. Steedly died; and after the time arrived in which suit could be brought against his administratrix, Dr. Petrie brought this action against her, to recover the $1,000 paid to the intestate, it being alleged that the consideration of the contract had failed and without fault of the petitioner, by reason of the partnership having been terminated by the death of Dr. Steedly; that the effect of his death was to release each from his obligations and entitle the petitioner to be placed in the position he was in when the partnership was entered into.

The defendant demurred to the declaration, upon the ground that it was not sufficient in law, and set forth no cause of action against the defendant. The demurrer was sustained, and the plaintiff excepted.

The court did not err in the ruling complained of. The general rule of law is, that where a contract has been in part performed, no part of the money paid under the contract can be recovered back. The contract declared upon being one of a personal nature, the death of one of the parties put an end to it; further performance was prevented by the act of God. There was no

breach of contract upon which an action would lie against the administratrix. The contract was for personal services on the part of both, and both parties knew when they entered into the contract that performance might be prevented at any time during the two years by the death of one of them. They could have provided in the contract for the return of the money or a part of it in such a contingency, but having failed to do so, it would be doing violence to the terms of the contract if as a presumption of law or fact such a condition should be added. Nothing is said in the contract as to apportionment of the amount paid, in case of death, nor is there any allegation in the declaration that the contract is apportionable, and no facts are set forth upon which any apportionment could be made. We think it is clear that if the plaintiff was entitled to recover anything at all, he was not entitled to maintain an action for the whole of the money paid. It is difficult to see how an apportionment could be made by the jury, even if the plaintiff had asked for an apportionment. The plaintiff, who was a non-resident of Athens and probably a stranger to the people of that place, was, by reason of his partnership with the defendant's intestate, who had an established practice among them, introduced to them as a competent physician; for three months he was associated in his partner's practice, and upon the death of the latter may have succeeded in retaining a considerable portion of the patronage which had been extended to his partner, and the advantages thus derived from the contract may have compensated him fully for the amount paid by him. It will be seen, therefore, how difficult it would be to arrive at an equitable apportionment of the amount paid, if the plaintiff had offered to make an apportionment. Counsel for the plaintiff in error relied upon the case of Hirst *v.* Tolson, 13 Jur. 596, cited in note to 31 Am. Dec. 521, in which

the court decreed the return of a proportionate part of the premium of clerkship paid by an articled ·clerk, where the solicitor to whom he was articled died shortly after the expiration of the second year of the article. In that case, however, the court of equity was exercising its authority over one of its own officers, as was pointed out in the case of Whyncup v. Hughes, L. R., 6 Com. Pleas, 78, in which the case of Hirst v. Tolson is doubted. For a full discussion of the principle announced in this decision, see the opinion of the court in Whyncup v. Hughes, *supra.*      *Judgment affirmed.*