HERRINGTON, ordinary, for use; *v.* WALTHAL *et al.*

The present declaration does not make a case substantially differing from that passed upon by this court in *Petrie* v. *Steedly et al.*, 94 *Ga.* 196, and therefore the court committed no error in sustaining the defendants' demurrer.

August 18, 1896.

Action on bond. Before Judge Hutchins. Clarke superior court. October term, 1895.

*John J. Strickland,* for plaintiff.
*Erwin & Cobb,* for defendants.

LUMPKIN, Justice.

At the March term, 1894, of this court, it held that an action brought by Dr. Petrie against the administratrix of his deceased partner, Dr. Steedly, to recover back the whole of a premium which had been paid by the plaintiff to the defendant's intestate for being taken into a partnership with the latter in his professional business as a physician, was not well founded. 94 *Ga.* 196. It appeared from the allegations of the declaration that the term of the partnership agreed upon between the two physicians was for

two years, and that the same had been dissolved by the death of Dr. Steedly, a little more than three months after the partnership was formed; and that the contract was silent touching death or dissolution thereby, and also silent touching any return of the money paid as a premium. In the opinion of the court, the petition in that case was fatally defective, because in no event would the plaintiff have been entitled to recover the whole of the premium, and his declaration contained no offer to apportion it; did not allege that it was apportionable, and set forth no facts upon which an apportionment could be made. After the above mentioned decision had been rendered, Dr. Petrie brought an action for a portion of the premium against the sureties upon the bond of Mrs. Steedly, as administratrix of her deceased husband, alleging that the administratrix had removed from this State, so that she could not be served. Pending the action, she returned to Georgia, and the plaintiff then moved to have her made a party to the case. This motion was denied, and a demurrer to the declaration was sustained. The plaintiff excepted to both of these rulings.

We deal with the case as if it had been originally brought against the administratrix and sureties, and was free from any difficulty or question as to parties. Granting that it was complete in this respect, we are of the opinion that the new declaration does not set forth a cause of action. It does allege that the representations made by Dr. Steedly as to the value of his practice and the income derived therefrom were untrue and had the effect of deceiving Petrie, alleging further, that "Steedly's practice was worth not half the sum represented." And it also undertakes to apportion upon the time basis the one thousand dollars paid as a premium, the theory being that as the partnership was to last for two years, and had expired in about one eighth of that time, Petrie should recover seven eighths of the thousand dollars, viz: $875. It requires but little reflection to show that an apportionment upon this basis would be

entirely arbitrary.   If Petrie was introduced to the community as the partner of a physician in good repute and enjoying a remunerative income, it would seem, from the standpoint of conjecture, that he must have derived more benefit than the sum of $125 from this association, especially in view of the fact that by the death of his partner he in all probability succeeded to a practice which otherwise he might not have been able to build up in years.   Again, the allegation as to Steedly's misrepresentation concerning the value of his practice is altogether too vague and uncertain to be made the basis of any just or rational apportionment.   The difficulties here outlined are suggested in the opinion of the present Chief Justice on page 198 of the volume above cited.   Indeed, the whole matter lies too largely within the domain of conjecture and guesswork to make any legal apportionment practicable.   The plaintiff in the present case undertook—without success, in our opinion—to overcome the difficulties in his way. · The truth is, we do not believe it possible, in a case like this, to set forth any facts upon which a just and equitable apportionment could be made.   This conclusion is, we think, abundantly sustained by the case of Whyncup v. Hughes, L. R. 6 Com. Pleas, 76, cited in the former case.

*Judgment affirmed.*