### Lewis *v.* Owens.

BECK, J.   1. Under the contract in this case, as established by the evidence in the record, the relation of landlord and cropper existed between the plaintiff and defendant; and under the rulings in other cases decided by this court, the plaintiff was entitled, upon the completion of her contract of labor, to foreclose her special laborer's lien against the defendant.

2. And where the undisputed evidence proved that the cropper had completed her contract of labor save that a part of the crop remained ungathered and was seized by the sheriff under levy of valid process against her landlord, she being thus prevented by the law from completing her contract according to its terms, it was error to dismiss her case "on the ground that the evidence showed the contract of labor had not been completed by the plaintiff at the time she foreclosed her laborer's special lien."        *Judgment reversed. All the Justices concur.*

Submitted October 12,—Decided November 13, 1905.

Foreclosure of laborer's lien.   Before Judge Frank Mitchell. City court of Sandersville.   June 5, 1905.

Bettie Lewis brought an action against Henry Owens, to foreclose a laborer's special lien for labor performed.   It appeared upon the trial that the plaintiff had contracted with the defendant to work a one-horse farm "on halves."   Under the terms of the contract Owens was to furnish the land, a mule and his feed, and all necessary farming implements, while it was incumbent upon the plaintiff

to furnish all labor necessary to make and gather the crop. The undisputed evidence was that the plaintiff furnished the labor and made the crop, and had almost harvested it when she was stopped by the sheriff under foreclosure proceedings brought by the owner of the land against Owens, it appearing that Owens rented the land from another. When the landlord foreclosed the plaintiff brought the present action. It further appears that after the foreclosure by the sheriff he hired the plaintiff to gather that portion of the crop still remaining in the fields, but has paid her nothing for that service. Moreover the sheriff seized the crop which had been gathered by the plaintiff before the levy was made, as well as that which was gathered by him, and sold it all at auction. At the conclusion of the evidence the plaintiff announced closed; whereupon the defendant moved the court to dismiss the case on the ground that the contract of labor had not been completed at the time the plaintiff sought to foreclose her lien. The motion was sustained and the case dismissed, to which ruling the plaintiff excepted.

*Evans & Evans,* for plaintiff.
*Howard & Jordan,* for defendant.