### 109.  HARALSON *v.* SPEER.

1. There was no error in refusing to quash the affidavit and fi. fa., or to dismiss the levy, in this case. Nor was it error to overrule the demurrer to the plaintiff's petition as amended. Demand after the debt became due was alleged by amendment, and it was impossible to aver the completion of the contract.

2. In the foreclosure of liens under the Civil Code, §2816, it is not essential that it be alleged or proved that the contract was fully completed by the party claiming the lien, if compliance with the contract was either waived or prevented by the defendant. In presenting the issue of lien or no lien, a proper averment that the promisor was prevented by the promisee from completing his contract as a sawmillman is a good substitute for a statement that the obligations of the contract have been fully met, and (if sustained by sufficient evidence satisfactory to the jury) is equivalent to completion, as a remedial element.

3. Though full performance of the contract on the part of the plaintiff be essential to the establishment of the liens provided by section 2816 of the Civil Code, yet, where it appears that the defendant himself prevented the completion of a contract partly performed, and rendered full compliance therewith impossible, the defendant will not be allowed to take advantage of his own wrong, so as to defeat the lien for the services already rendered. It will, in such a case, be presumed that there was a novation of the original contract between the parties, and that by subsequent agreement the parties have substituted a new contract in such terms as require, for its full performance, exactly that which the plaintiff has already performed, and no more.

4. The evidence, though conflicting, authorized the verdict, and there was no error in refusing a new trial.

Foreclosure of lien, from city court of LaGrange—Judge Harwell.  January 19, 1906.

Argued February 18,—Decided April 11, 1907.

*A. H. Thompson,* for plaintiff in error.

*W. T. Tuggle, Hatton Lovejoy,* contra.

RUSSELL, J.  Speer, a sawmillman, foreclosed his lien against Haralson, and levied on certain lumber sawed by him for the defendant. Haralson gave bond for the lumber, instead of a replevy bond.  On the trial Haralson moved to quash the affidavit and fi. fa., and to dismiss the levy, and, by a demurrer, set up, as reasons why the affidavit and fi. fa. should be quashed and the levy dismissed, (1) that the affidavit does not allege that the contract is complete, nor state any reason why the plaintiff did not complete it; (2) no demand and refusal to pay is alleged; (3) the affidavit does not allege the debt to be due, but distinctly denies it is due; (4) no legal reason is averred why demand was not made on the owner; (5) the affidavit does not state when or by whom demand was made.  Thereupon the plaintiff amended his affidavit by alleging that he demanded the amount due of the defendant, after it became due; and further, that after he had cut the lumber upon which the lien was claimed, and while he was preparing to complete the sawing, the defendant hired his fireman and his stock cutter, without his consent; that without these hands affiant was unable to carry on the sawing; and that he tried to get hands to take the place of his fireman and stock cutter, but was unable to do so.  The trial judge overruled the demurrer, and the defendant excepted pendente lite.  The case then proceeded to trial, and the jury rendered a verdict for the plaintiff.  The defendant (now plaintiff in error) excepts to the overruling of his demurrer and to the refusal of his motion for a new trial.  The demurrer raised all the issues of law which are pertinent in this case, and the grounds thereof are properly presented here for adjudication.

If the court was right in overruling these demurrers, the verdict can not be disturbed, for there is evidence to support it.  If the judge should have sustained the demurrers and motion to quash, the plaintiff could not foreclose his lien as a sawmillman then, and never could in the future.  It is true that the learned counsel for plaintiff in error insists in his brief that the verdict is contrary to evidence, against the weight of evidence, and without evidence to support it; but this contention rests, it will be found upon investigation, wholly upon counsel's view of the law, and upon the theory that the evidence showing why the sawing was not completed

should not be considered. Summarizing the motion to quash the affidavit of foreclosure, the affidavit is attacked on three grounds: (1) That it does not show that the contract of sawing has been completed, or (2) that the amount claimed is due, or (3) that a demand has been made. The objection that no proper demand was legally set forth in the affidavit (and which, in different forms, was the burden of three grounds of the demurrer) was met by amendment detailing that the demand was made on the defendant by plaintiff in person, and after the debt became due. This met the motion to quash; and as to this ground the motion was properly overruled. On the trial there was proof of demand, though this was not necessary, as demand was not denied by the counter-affidavit. *Langston* v. *Anderson,* 69 *Ga.* 65. The affidavit as amended also shows that it is distinctly alleged that the debt for the sawing, on which a lien is claimed, is due. So that the real controlling question is whether this owner of the sawmill, even if he was prevented by the owner of the timber (who hired his two indispensable employees, whose positions he could not fill with other help) from complying with his contract, shall be deprived, though himself free from fault, of just compensation for the labor already done, and of the lien attached to such service by law. It may be said that he could, by suit, recover judgment for the amount of his services; and he might also recover damages for the breach of the contract. But in many instances the special lien allowed by law is the only security or guarantee for the collection of the sum due, which might otherwise be merely included in a non-collectible judgment.

It is well settled that the lien laws are in derogation of the common law and are to be strictly construed. And generally before one can claim a lien for services, material or labor, it is incumbent on him to show that he has complied with and performed a contract declared on. This is the express statute with reference to such liens enforceable against real estate; and, in *Faircloth* v. *Webb,* 125 *Ga.* 231 (5), the same rule seems to be applied to liens sought to be enforced on personalty, the court holding that "In order to establish his lien, it is incumbent upon the laborer to show that he complied with and performed the contract declared on." In *Tanxley* v. *Lampkin,* 113 *Ga.* 1007, it was held that a verdict for the defendant is demanded, where a laborer institutes a suit to

foreclose a lien which he claims against real estate, and where there is no testimony to show that he has completed his contract of labor. But the point now before us was not involved in either of those cases; and though it is generally essential to allege, and, when alleged, to prove, that a contract has been complied with and fully performed, this rule is subject to exceptions, where the complete performance is prevented by the opposite party to the contract. The principle involved in the maxim that the law will allow no one to take advantage of his own wrong is more binding than the requirement that the completion of the contract be alleged. To hold otherwise would be to require, in some cases, an impossibility. And the law never imposes this burden on any one.

According to the allegations of the affidavit (which for the purposes of demurrer are assumed to be true) it clearly appears that the sawing of the full amount of lumber, according to the terms of the contract, was prevented by Haralson himself; and if the demurrer is well taken, Speer could not foreclose his lien for the full amount of the lumber, or even for that which had been sawed. Speer set forth in his affidavit, and the amendments thereto, that Haralson hired two of his hands at the sawmill; that other hands could not be secured, though he made every effort to do so, and that the mill was thereby forced to stop sawing. One man was his fireman, the other was the stock cutter. Without these the mill could not be run, and Speer could not replace them with others. Haralson having caused the mill to shut down, he can not be heard to complain that Speer did not go on sawing. This would allow him to take advantage of his own wrong. As the fundamental principles of the law will not permit this, we have no difficulty in holding that where one party is prevented from completing his contract by the other party to the contract, the first party retains his lien for the work already done. If this be sound principle, such a party has the right to allege the reasons why he has not completed the contract instead of averring its completion; and consequently this demurrer to the affidavit was properly overruled, and evidence on the subject properly admitted.

Proof of the completion of a contract in cases of lien may be dispensed with, either where compliance with the contract is prevented by the action of the defendant or where the defendant waives compliance. We have examined at least two cases in our

own State which are directly in point. In *Hart* v. *Hirsch, 74 799,* the plaintiff sued out a laborer's lien. It was admitted that the contract had not been fully completed; but the plaintiff gave as a reason therefor that the defendant had refused to pay him the amount due monthly for wages, and, in violation of his contract, had removed the plaintiff's goods from his house. And in that case the court refused a request to charge the jury as follows: "In order for the plaintiff to prevail in this case, it is necessary that he must show that he completed his contract of labor." The Supreme Court affirmed a judgment denying a new trial, expressly holding that no error was made in refusing to charge as requested. In *Lewis* v. *Owens,* 124 *Ga.* 228, it was held that a cropper was entitled to a laborer's lien, although he did not complete his crop, being prevented from doing so by the levy thereon of a distress warrant against his employer. If the fact that the contract has not been completed will not defeat the lien where a third party—a stranger to the contract— prevents its completion, still less will it be defeated when the employer in person takes steps to prevent his employee from complying. And the authorities in our own State are re-enforced by decisions from the courts of last resort in every section of the Union, sustaining the principle that a statutory lien is not lost by noncompliance with the contract, where the lienor is prevented by the other party from completing his contract.

In Bohem *v.* Seabury, 141 Pa. St. 594, it is held that in foreclosing a mechanic's lien it is necessary to allege completion of the contract, *or that the owner had prevented the completion.* Thus recognizing the doctrine stated above, that prevention from complying is a good substitute for compliance and completion. In Pardue *v.* Missouri R. Co., 52 Neb. 201, it is decided that where a contractor has been wrongfully interrupted by the owner and prevented from completing the work, the contractor is entitled to his lien for the work done and material furnished. In Smith *v.* Fleishman, 48 N. Y. Supp, 234, it was held that "a contractor's right to a lien can not be defeated upon the ground that he failed to complete his contract within the specified time, when the failure was due to interference by the owner." In Orr *v.* Fuller, 172 Mass. 597, it was held that "a contractor has a lien for the portion of work done on a house when the contract is broken by the owner after part

performance." We think it settled, therefore, where one, who would have a lien at the completion of the contract, is prevented by the act of the other party from completing his contract, and is himself free from fault, such a one would still be entitled to his lien to such an extent as he had complied with the contract. It was held in *Hawkins* v. *Chambliss,* 120 *Ga.* 615, that there could be such a *waiver* of compliance with the contract as would preserve the lien as to the portion of the work done, although the contract was not completed.

We have in part based our ruling in this case upon the principle underlying the holding in the case last above cited,—the presumption of a novation of the original contract. Based upon this principle, there is no conflict between our decision in this case and the long line of decisions which make the completion of the contract one of the essential prerequisites to the existence of a lien. As they who make contracts have, by mutual consent, the right to alter them, and as he who prevents a thing from being done shall not avail himself of the non-performance which he himself occasioned, the breach of the contract by the one party may be assented to by the other at his option; and if assented to, it becomes a mutual agreement, which presumes a new contract, the operation of which extends to that which has been performed by the lienor up to' the time of the assent, and no further, and becomes an executed or completed contract. In this view of the case, Haralson, when he broke the contract, by preventing Speer from sawing, thereby proposed that the contract be reduced from one of sawing 100,000 ft. of lumber to one for sawing 61,000. Speer had the option to agree to this change if he saw fit. By his suit he did agree, and the contract became complete, and he was therefore authorized to enforce his lien.

A remedy at law, as in medical science, is prescribed, designed, and administered so as to cure, or, at least, relieve, the ills from which the patient suffers. Sometimes the proper remedy is elementary in substance; sometimes a prescription requires compound; and generally, in law, the remedy is the mingling of several rights, compounded to make a panacea which shall relieve the party's wrongs and restore his rights to free and healthful action. In law, as in medicine, there is frequently more than one formula by which a remedy can be compounded' and prefected. Sometimes

the remedy is composed of certain remedial ingredients, and at other times new and different curatives are either added or omitted, to suit the case. Frequently, for the lack of one sanative, the law substitutes another, which will produce a like healing effect. Relief, both in law and medicine, is the object sought. The sawmillman needed a remedy to put his lien in healthy action. One of the ingredients of that remedy must be a proper affidavit, and the proper presentation of the issue of lien or no lien. According to the usual formula of the prescription, full compliance with the contract must be stated. That particular narcotic is not available, but the doctor finds a balm in Gilead in a proper averment that the promisor was prevented by the promisee from completing his contract as a sawmillman. With this change the prescription can be compounded; because a good substitute has been found for the statement that the obligations of the contractor have been fully met. The pleadings are complete. A substitute averment, if sustained, as in this case, by sufficient evidence which was satisfactory to the jury, is equivalent to completion, as a remedial element.

*Judgment affirmed.*