### FORD v. PARKER.

LUMPKIN, J. 1. Where suit was brought on a promissory note, and at the beginning of the trial the defendants admitted the execution of the note and assumed the burden of proof, when it was afterwards offered in evidence by the plaintiff in rebuttal it could not be excluded on objection based on the ground that it was attested by a witness, and that its execution must be proved by such witness in order for it to. be admitted.

2. Where to a suit on a promissory note a plea of total failure of consideration was filed, averring that it was given for the purchase of certain mules, that they did not fulfill the representations or warranty made in regard to them, and that they were utterly and totally worthless; and where the evidence for the defendant tended to support the plea, while that for the plaintiff tended to show that there was no failure of consideration, and there was no evidence to show any less value between the full purchase-price and complete worthlessness, it will not require a reversal that the presiding judge charged that the jury would find on such plea for the total purchase-price or nothing. *Otis Brothers & Co.* v. *Holmes*, 109 Ga. 775 (35 S. E. 119).

3. While some of the evidence admitted may not have had much relevancy to the issue, and while some of the charges complained of may not have been absolutely accurate in expression, there was nothing in the rulings of the judge or the charges which requires a reversal.

4. The verdict was supported by the evidence.

*Judgment affirmed. All the Justices concur.*

Submitted April 7,—Decided October 13, 1908.

Complaint. Before Judge Mitchell. Tift superior court. December 12, 1907.

*Payton & Hay,* for plaintiff in error.

*Fulwood & Murray* and *Z. D. Harrison,* contra.