## 2387.　SCOTT & CO. v. ATLANTA WOOD & IRON NOVELTY WORKS.

There was no error in refusing a new trial.

DECIDED FEBRUARY 7, 1911.

Complaint; from city court of Atlanta—Judge Calhoun. December 11, 1909.

*T. J. Ripley,* for plaintiffs in error. *Scott & Davis,* contra.

RUSSELL, J. The Atlanta Wood & Iron Novelty Works, a partnership, brought suit upon an account against W. M. Scott & Company, with a bill of particulars attached, for the purchase price of certain iron trivets. The defendants answered denying the material allegations of the petition. The verdict was in favor of the plaintiffs, and the defendants excepted to the refusal of a new trial.

So far as the general grounds of the motion for new trial are concerned, this court is without jurisdiction to set aside the verdict, for the reason that it is amply supported by evidence, and all issues of fact were solved by the jury in the plaintiffs' favor. Supplying, as we do, the corrections pointed out by the plaintiffs in error in suggesting a diminution of the record does not affect the case. Though the defendants' testimony was in direct conflict with some of the testimony in behalf of the plaintiffs, it is evident, from the result, that the jury gave the preference to the testimony of the plaintiffs. And the verdict was authorized, because the testimony of the plaintiffs covered every point necessary to entitle them to recover, if their witnesses were credible. The evidence of the plaintiffs showed that one Holland, as agent for the defendants, made contracts with the plaintiffs for 2000 trivets

in addition to 50 which had been previously ordered. The two contracts for the 2,000 are in writing, and testimony was introduced to the effect that subsequently an oral order was given for 1,000 more. The written contracts provide in each instance that $60 is to be paid on receipt of the order, and the balance when the goods are delivered, but are silent as to the place of delivery. It appears, from the testimony of the plaintiffs in regard to the last thousand, that there was likewise no stipulation as to place of delivery. The plaintiffs contended, as we think properly, that as there was no stipulation upon the subject, and as the defendants, without objection, accepted delivery of a large portion of the goods ordered at the plaintiffs' manufactory, this, in the absence of an express stipulation, fixed the place of delivery. In addition to this evidence, the plaintiffs proved that W. M. Scott, of the defendant firm, admitted the correctness of the account and the defendants' liability, and that the only excuse that he gave for his failure to pay the account was lack of money to discharge the liability. It is in evidence, however, that he refused to execute and deliver two notes which were presented to him without first inserting in each of them a provision that the notes were not to be paid until the remaining trivets were delivered. This latter circumstance, however, only raised the question as to what was necessary to constitute delivery, if the jury believed the testimony that the trivets had been made in accordance with contract and were at the plaintiffs' works. There being no special place in the city of Atlanta designated for the delivery of the trivets, if, as the plaintiffs' witnesses testified, the defendants had previously sent for all of the trivets as they needed them, the plaintiffs' manufactory could be considered as the place of delivery contemplated by the parties, and Scott's insistence upon inserting the clause in regard to delivery as merely a scheme to delay the collection of the debt. Furthermore, the plaintiffs proved that they offered to deliver all of the remaining trivets in front of the defendants' place of business. There is nothing in the objection that this tender was not a continuing tender; because, according to the testimony of the plaintiffs, Scott declined the offer. The refusal to accept the goods if they were tendered obviated any necessity on the part of the plaintiffs to actually carry the goods to the defendant. The law does not require a vain thing. *Haral-*

*son* v. *Speer,* 1 *Ga. App.* 573 (58 S. E. 142). According to the testimony of the plaintiff Holliday, the defendant Scott expressly told him not to deliver the trivets because he had no place to put them. It is useless to go into all the details of the evidence. It is enough to say, as we have said above, that the testimony in behalf of the plaintiffs was amply sufficient to sustain the jury's finding, and we are without jurisdiction to disturb it unless some error in the charge of the court contributed to incline the jury to the finding in favor of the plaintiffs, when otherwise they might have found in favor of the defendants.

The third and fourth grounds of the motion for new trial are not sufficiently specific to present anything for our consideration, in that the principles which it is insisted should have been given to the jury are not pointed out. Attention is called to the fact that there was an omission of some kind as to certain broad and general principles, but it is not stated to what specific point the judge failed to direct the attention of the jury, so as to make it appear that the omission was injurious. In many cases, if the judge were to cover all of the principles embraced in the general reference to the subject made by counsel, the instruction would be not only erroneous because largely inapplicable to the facts of the particular case, but also misleading and confusing to the jury. In demurring, by way of assignment of error, to the charge of the court upon the ground of insufficiency, the demurrant, if we may so name the plaintiff in error, must "put his finger on the point," and state the specific amendment which the charge requires.

The fifth ground of the motion for new trial assigns error upon that portion of the charge in which the court instructed the jury that even if they believed that there was no delivery of the articles said to have been bought, yet if the delivery was tendered and the defendants refused it, the jury would still be authorized to find for the plaintiffs. This assignment of error is defective, in that we are not informed as to the reason why the charge is erroneous. For ourselves, in view of the evidence upon the subject, we see no error in the instructions.

The sixth ground of the motion for new trial complains that the court failed to instruct the jury that the written evidence required delivery, and that before any recovery could be had, there should have been a delivery, or the offer of delivery should have

been continuous. As the evidence is undisputed that the offer to deliver, if made, was refused, the instructions embodied in the general charge of the court were sufficient and better adjusted to each of the two views of the evidence. Only our respect for the zeal of the counsel for the plaintiffs in error, and our thorough confidence in his sincerity in prosecuting this writ of error, prevent us from awarding the damages of ten per cent. asked for by the defendants in error.                *Judgment affirmed.*