### 6630.  WHITE, executor, *v.* SAILORS.

1. A contract whereby one agrees to pay another "for his board, washing, and sewing for one year, beginning September 15, 1913, and ending September 15, 1914, 2500 pounds of middling lint cotton, to be ginned

and packed in five five-hundred pound bales, and deliver the same by October 15, 1913, wherever the said Mrs. Sailors [the payee] designates," is not severable so as to entitle the personal representative of the deceased maker of the contract to recover from the payee a portion of the cotton upon the ground that, due to the maker's death during the period stipulated in the writing, the contract had been only partly performed.

2. A rent contract made by a tenant of the decedent and calling for the same consideration, and payable on the same date as that named in the above-quoted contract, and transferred to the defendant at the time of the making of the contract for services, was admissible to show the intent of the parties at the time the contract was entered into.

(a) The execution of a paper purporting to be attested by a witness may be proved by the testimony of the maker himself that he signed the writing, so as to dispense with the necessity of proving the same fact by the subscribing witness.

(b) Even if the transferred rent contract should not have been admitted in evidence, it does not appear that its introduction was harmful.

3. There was no error in overruling the motion for a new trial.

DECIDED JANUARY 28, 1916.

Complaint; from city court of Jefferson—Judge Mahaffey. May 11, 1915.

*W. W. Stark,* for plaintiff. *R. L. J. & S. J. Smith Jr., Little, Powell, Smith & Goldstein,* for defendant.

RUSSELL, C. J. On September 12, 1913, W. C. White entered into a contract with Mrs. Susie Sailors, by the terms of which he agreed to pay her, "for his board, washing, and sewing for one year, beginning September 15, 1913, and ending September 15, 1914, 2500 pounds of middling lint cotton, to be ginned and packed in five five-hundred-pound bales, and deliver the same on or by October 15th, 1913, wherever the said Mrs. Sailors designates." On November 2, 1913, he died. His executor brought this suit, alleging that Mrs. Sailors had received the entire 2500 pounds of middling lint cotton for the board and care of his decedent from September 15, 1913, to September 15, 1914, though she had only for a period of 45 days performed the services specified in the contract. He alleged that the 2500 pounds of cotton received by Mrs. Sailors was worth $300, and the portion she had earned was $38.40, and that he was therefore entitled to have the contract apportioned and to recover $261.60 for the estate, with the interest thereon. On the close of the testimony the court directed a verdict for the defendant, and this is assigned as error. The plaintiff insists that the contract in question is severable, and that it is clearly apportionable.

Section 4228 of the Civil Code is as follows: "A contract may be either entire or severable. In the former the whole contract stands or falls together. In the latter the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties." The contract involved in the present case is an entire contract, by the terms of which W. C. White agreed to pay 2500 pounds of lint cotton on October 15, 1913, for his board, washing, and sewing from September 15, 1913, to September 15, 1914. If Mrs. Sailors had failed or refused, after receiving payment, to comply with her undertaking under the contract, she would have been liable in damages for the breach of the contract. But according to the terms of the contract it was manifestly the intention of the parties that the payment should be made practically in advance of the term covered by the contract for the entire service to be rendered. That such was the character of the agreement and that it was not intended to be a severable contract is further evidenced by the fact that upon the same day on which the contract was executed, White transferred to Mrs. Sailors a rent note payable to himself and given to him by one Tom Ryder for the same amount of cotton. From the fact that it was agreed that the payment for the board and services for the entire year, extending to September 15, 1914, should be made on October 15, 1913, as well as from White's coincident transfer of the rent note given him by his tenant Ryder, there can be no doubt that the parties understood the contract to be entire and not severable.

Generally an entire contract, from its very nature, is not subject to apportionment. It is true that by the terms of section 4229 of the Civil Code provision is made for certain exceptions to the general rule, such as where the price to be paid is not fixed, or where, by the terms of the contract, the price or consideration is apportioned according to time; and in the same section it is further provided that "if the failure of one party to perform is caused by the act of the other, the contract may still be apportioned." It is clear that the facts of this case do not place it under any of these exceptions. The price which White was to pay was definitely fixed at 2500 pounds of lint cotton. It was for a fixed term of one year, and was not apportioned according to months or weeks. The insistence that the contract may be appor-

tioned under the third exception provided in section 4229, because the testator died and for more than ten months of the year Mrs. Sailors failed to furnish the stipulated board and other attention, can not be maintained, for the death of the testator rendered further performance on the part of his daughter impossible. It is uncontradicted that the failure on her part to perform was due solely to the death of the opposite party, and the transfer of Ryder's note at the time the contract was made by White strongly indicates that this eventuality was foreseen by the contracting parties. The death of White rendered impossible the exact performance of the contract upon the part of Mrs. Sailors, and the impossibility of performance became equivalent to performance. If the performance of a contract becomes impossible by the act of God, such impossibility is itself a defense equivalent to performance. Civil Code, § 4319. The only exception to this rule is in cases where the impossibility might have been avoided by the exercise of proper prudence, and of course this exception has no application to the case at bar. It is not necessary now to determine whether the contract would have been apportionable had White lived and had he voluntarily gone away from his daughter's house before the expiration of the year, or whether, in that event, the contract would fall under the provisions of section 4229 of the Civil Code, under which a contract may be apportioned when the failure of the one party to perform is caused by the act of the other, for in the case at bar White's death, by the act of God, occasioned an impossibility of performance which is itself the equivalent of performance. Moreover it appears from the evidence in this case that the deceased did not die until November 2, and the delivery of the cotton was to have been made to the defendant in error on the preceding October 15. It appears plain from this that Mrs. Sailors could have recovered the cotton or its value from the executor if it had not been delivered to her as in fact it was, by Ryder, the tenant. While board and other personal services are rarely paid for in advance, so as bring questions relating thereto under judicial review, a case very similar in some features to this case, in which a daughter was excused for non-performance, under section 4321 of the Civil Code, notwithstanding she had not fully performed her obligation, is that of *Epps* v. *Story,* 109 *Ga.* 302 (34 S. E. 662). The same principle controlled this court in its rul-

ing in *Haralson* v. *Speer*, 1 *Ga. App.* 573, 576, 577 (58 S. E. 142), and in *Scott* v. *Atlanta Wood &c. Works*, 8 *Ga. App.* 706 (70 S. E. 142). The decision in this case rests upon the providentially caused impossibility, which, under the terms of section 4319 of the Civil Code, is equivalent to performance. This code section merely enunciates the principle well illustrated in the English cases of Krell *v.* Henry, 2 K. B. 740; Blakely *v.* Miller, 2 K. B. 760; Chandler *v.* Webster, 1 K. B. 493, and Herne Bay Steamboat Co. *v.* Hutton, 2 K. B. 683. There was no error in directing a verdict. See, in this connection, *Petrie* v. *Steedly*, 94 *Ga.* 196 (21 S. E. 512); *Herrington* v. *Walthal*, 98 *Ga.* 776 (25 S. E. 836).

2. The court admitted in evidence the rent note of Ryder which was transferred to Mrs. Sailors, without requiring the testimony of the subscribing witness as to its execution. There was no error in this, since Ryder was a witness upon the stand and himself admitted that he signed the paper in question. Furthermore, the testimony as to the note was merely collateral to the issue. Civil Code, 5833 (4).                    *Judgment affirmed.*