## 7165.  BALLARD *v.* DANIEL.

BROYLES, J. 1. Ordinarily, before a laborer's lien can be foreclosed, it must be shown that the laborer has fully completed the contract. However, if the completion of the contract was waived or prevented by the other party thereto, this is equivalent to a completion of the same, as a remedial element. *Haralson* v. *Speer*, 1 *Ga. App.* 573 (58 S. E. 142); *Sattes & Weimer Lumber Co.* v. *Hales*, 11 *Ga. App.* 569 (75 S. E. 898).

(a) In this case it appears that the plaintiff in execution, known in bucolic vernacular as a "third patcher" (i. e. one who works a crop or "patch" for a third of the crop), was working a crop of cotton under such a contract with one McDonald, and that she was prevented by the conduct of McDonald and the contesting creditor, Daniel, from fully completing her contract before she filed her lien.

2. Under the facts disclosed by the record it was not incumbent upon the plaintiff to show that she had made a demand upon her employer for her part of the crop illegally withheld from her, as the employer, by his conduct, had, if not expressly, at least impliedly, waived such a demand.

3. The evidence in the justice's court demanded a verdict for the plaintiff, and, the jury having found for the defendant, the judge of the superior court erred in overruling the plaintiff's petition for certiorari.

*Judgment reversed.*

DECIDED JULY 19, 1916.  REHEARING DENIED JULY 31, 1916.

Certiorari; from Morgan superior court—Judge Park.   December 4, 1915.

*M. C. Few,* for plaintiff.   *E. H. George,* for defendant.