### 8039. HARVEY *v.* LEWIS.

Where a landlord makes a contract with a cropper, under which the landlord is to furnish the land and fertilizer, and the cropper is to do "all the work in connection with planting, making, and gathering the crop," the cropper is not entitled to enforce a laborer's lien before the completion of his contract, unless for some sufficient legal reason he is prevented from carrying out the contract.

DECIDED APRIL 3, 1917.

Foreclosure of lien; from Evans superior court—Judge Sheppard. May 31, 1916.

*P. M. Anderson,* for plaintiff in error.

*Daniel & Daniel,* contra.

BLOODWORTH, J. Lewis, a cropper, made an affidavit that he was employed by Harvey, the landlord, "as a laborer and cropper for the year 1915, to prepare, plant, cultivate, and gather the crop on a farm" which he described; that he had "completed said contract of labor and earned the sum of $375," which he alleged was a fair valuation of one half of the crop which he was to receive for his services, and that "he has demanded payment of the same from the said P. N. Harvey since the same has become due, and the same has been refused." Execution was issued and levied, and a counter-affidavit filed denying indebtedness. The trial resulted in favor of the plaintiff. The defendant moved for a new trial on the general grounds; it was refused, and he excepted. The plaintiff testified, that, under the contract, the defendant was to furnish the land and fertilizer, and he (the plaintiff) was to do all of the work in planting, making, and gathering the crop. The evidence of the defendant as to the terms of the contract was practically the same as that of the plaintiff. The plaintiff further swore, that "in pursuance to this contract plaintiff went to work on said land, planted and made said crop, and partly gathered same; that after he had gathered a part of said crop he abandoned it and left it with the defendant, P. N. Harvey; that when he abandoned said crop there was yet ungathered about two bales of cotton, about four acres of corn, and about four acres of fodder; the reason he abandoned said crop was because he had nothing on which to support his family, and the defendant, P. N. Harvey, would not furnish him any supplies; that witness furnished his own supplies during the whole year and never failed to get credit any time he sought it. P. N. Harvey was not bound under the contract to fur-

nish any supplies to witness. Witness could have gotten all the supplies he wanted, and it was not necessary for him to abandon the crop to get supplies." He testified further, that he had not received his portion of the crop, and this was one reason for the abandonment, and that the defendant refused to make an accounting for his portion of the crop. It appears that after the cropper abandoned the crop it was levied on under an execution against the landlord, who gave bond and gathered the remainder of the crop.

The reasons alleged by the cropper for abandoning the crop are not sufficient to show that the landlord had breached the contract, and would not legally authorize the cropper to abandon it. The cropper sought to enforce the right to a laborer's lien, and his right to recover must be determined by the law applicable to such proceedings. Before a laborer can enforce his lien under the laws of this State it must be alleged in the affidavit, and the evidence must show, that he has fully completed his contract. "Liens of laborers shall arise upon the completion of their contract of labor." Civil Code of 1910, § 3339. In *Wall* v. *Rutherford,* 60 *Ga.* 440, it is said: "Not a single day before completion does the lien have any existence." The evidence of the plaintiff himself shows that he contracted to do all the work in connection with gathering the crop. Unless the crop was gathered his contract would not be completed, and he would, therefore, have no lien. When he swore that he abandoned the crop, and this was before all of the crop was gathered, and showed no legal reason for so doing, his own evidence destroyed his right to enforce a laborer's lien. What is here decided is not in conflict with the decision in *Lewis* v. *Owens,* 124 *Ga.* 228 (52 S. E. 333). In that case the cropper was prevented from completing the contract, by the levy of a valid process against the landlord. In the instant case the cropper had abandoned the crop before the levy was made. As the evidence shows that the plaintiff abandoned the crop before it was gathered, and as he had no lien at that time, a verdict for the defendant was demanded, and the court erred in refusing to grant a new trial. *Wall* v. *Rutherford,* supra; *Tanxley* v. *Lampkin,* 113 *Ga.* 1007 (39 S. E. 473) ; *Faircloth* v. *Webb,* 125 *Ga.* 230 (5), 231 (53 S. E. 592).

*Judgment reversed. Broyles, P. J., and Jenkins, J., concur.*