8705. JAMES *v.* BETTIS.

1. It was not error to admit in evidence a paper purporting to be a bill of sale from one Scott to the plaintiff, over objection that it appeared to have been recorded but not to have been acknowledged before a notary public; there being testimony that Scott signed it, and he as a witness admitting that he so signed.

2. The trial judge did not abuse his discretion in continuing the trial of the case for one day.

3. Other assignments of error appear to have been abandoned. It was not error to overrule the certiorari.

DECIDED NOVEMBER 1, 1917.

Certiorari; from Fulton superior court—Judge Ellis. January 16, 1917.

*John Y. Smith,* for plaintiff in error. *M. Herzberg,* contra.

WADE, C. J. 1. The plaintiff in error complains that the trial judge erred in not sustaining his objection to the admission of a paper purporting to be a bill of sale from Scott to Bettis; the objection being that the paper appeared to be a recorded instrument, and that it had not been acknowledged before a notary public. In view of testimony from a certain witness that Scott actually signed said paper, and of the fact that Scott himself admitted that he signed it, the court did not err in admitting it in evidence. Civil Code, § 5833 (5). See also *Dawson v. Callaway,* 18 *Ga.* 573 (3), 580; *Ford v. Parker,* 131 *Ga.* 443 (62 S. E. 526); *Christie v. Shingler,* 10 *Ga. App.* 529 (73 S. E. 751); *White v. Sailors,* 17 *Ga. App.* 550 (2), 554 (87 S. E. 831).

2. Complaint is made that the court erred in continuing the case until the following day, of its own motion and over defendant's objection. The respondent's untraversed answer to the writ of certiorari makes the following clear and succinct statement in regard to the continuance: "After plaintiff and his witnesses and the defendant and his witnesses had testified, there was a sharp conflict of facts, the plaintiff contending that he had bought this property from W. B. Scott, and the defendant contending that he had bought from Mann, who had bought from Scott; and it was clear to my mind that the evidence of Scott would throw material light on the issue. I therefore continued the case, and directed that Scott be subpoenaed. He appeared and was sworn as a witness, without objection by either party." Considered in the light of these facts, the court did not, by continuing the case until the following day, abuse the wide discretion vested in him by the terms of section 5724 of the Civil Code of 1910, viz.: "All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused, as the ends of justice may require."

3. The plaintiff in error abandons the remaining grounds of the petition for certiorari by failing to insist upon them in his brief; and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*