### 13618. PAYNE v. TRAMMELL.

JENKINS, P. J. Under the general rule that before a laborer's lien can be foreclosed, it must be shown that the laborer has fully completed the contract (*Wall* v. *Rutherford*, 60 *Ga.* 440; *Ballard* v. *Daniel*, 18 *Ga. App.* 449, 89 S. E. 603; Civil Code (1910), § 3339), a cropper, who under the law has the status of a laborer (*Appling* v. *Odom*, 46 *Ga.* 583; *DeLoach* v. *Delk*, 119 *Ga.* 884, 47 S. E. 204), is ordinarily not entitled to enforce such a lien against his landlord without showing full compliance on his part with the terms of the agreement (*Harvey* v. *Lewis*, 19 *Ga. App.* 655, 91 S. E. 1052), except that such a lack of full performance by the cropper will not defeat the foreclosure of such a lien when, without fault on his part, such failure to fully comply with his contractual obligation is occasioned by processes of the law (*Lewis* v. *Owens*, 124 *Ga.* 228, 52 S. E. 333), or by the unauthorized acts and conduct of the landlord. *Ballard* v. *Daniel*, 18 *Ga. App.* 449 (89 S. E. 603); *Haralson* v. *Speer*, 1 *Ga. App.* 573 (2, 3), (58 S. E. 142). Thus where, as in the instant case, it indisputably appears that before the cropper had completed the terms of his agreement by making and gathering the crop, and before the landlord had been fully settled with, the cropper violated his contract of employment by unlawfully converting to his own use a portion of the crop (Civil Code, §§ 3707, 3705; *Williams* v. *Mitchem*, 151 *Ga.* 227 (2), 106 S. E. 284), and that in consequence of such unlawful conversion the landlord thereupon discharged the cropper from his employment, and thereafter himself completed the contract by finishing the gathering of the crops, the cropper cannot in such a proceeding be heard to say that he fully completed his contract in making and gathering the crop, and that consequently he is entitled to a laborer's lien as provided by sections 3334 and 3335 of the Civil Code. If the landlord, after discharging the servant, resorted to an improper means of eviction, this would not restore to the cropper his right to a lien previously lost on account of his having failed to comply with his contract. Nothing that is here said is intended to imply that such unlawful act of the cropper constituted or created a forfeiture of such interest in the crop as he might ultimately be entitled to, but the terms of the ruling as made by

the lower court, as well as the ruling here made, pertain solely to the remedy asserted, and do not adjudicate the rights of the parties or estop them from the assertion of any proper remedy.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED FEBRUARY 8, 1923.

Foreclosure of lien; from city court of Floyd county — Judge Nunnally. March 7, 1922.

*M. B. Eubanks, C. I. Carey,* for plaintiff in error.

*Denny & Wright,* contra.