DECIDED FEBRUARY 6, 1929.

*M. B. Eubanks,* for plaintiffs. *Slaton & Hopkins,* for defendant.

18779. GARDNER *v.* SMITH.

STEPHENS, J. 1. Notwithstanding a landlord, after his cropper has, on account of sickness, been rendered unable to make the crop and bring it to maturity, takes from the cropper a mule, without which the cropper, even if able to work, could not have made a crop, the failure of the cropper to complete his contract and make a crop is due to the cropper's own inability caused by sickness, and not to the act of the landlord in depriving the cropper of the use of the mule. This is true notwithstanding, after the landlord had taken the mule, the cropper, through the assistance of neighbors, might have been able to work the crop, where this fact was not known to the landlord, and the cropper made no offer to perform his contract through the assistance of his neighbors or otherwise.

2. A cropper, being a laborer working for wages to be paid out of the crop produced by his labor, can not foreclose a laborer's lien upon the property of the landlord, where the cropper has not completed his contract, and where his failure to complete his contract is not caused by the landlord.

3. This being a proceeding brought by the cropper to foreclose a special lien claimed by him upon part of the crop produced by him pursuant to the contract for work done by the cropper in partial performance of his contract, and it appearing, from undisputed evidence, that the cropper did not complete his contract by cultivating the crop and bringing it to maturity, and that the cropper's failure so to do was due to his own misfortune in being unable to work, as a result of sickness, and not to any act of the landlord, the cropper failed to establish any right to a lien for labor already performed, and the verdict found in his favor, establishing a lien in the amount found against the landlord, was without evidence to support it and contrary to law. Whatever right the cropper may have as against the landlord to recover for services rendered, the cropper, under the undisputed facts as disclosed by the record as here presented, is not entitled to enforce that right by the statutory proceeding to foreclose a laborer's lien. See, in this connection, section 3339 of the Civil Code (1910); *Argo* v. *Fields*, 112 *Ga.* 677 (37 S. E. 995); *Haralson* v. *Speer*, 1 *Ga. App.* 573 (58 S. E. 142).

4. It appearing from the plaintiff's own testimony, which must be taken most strongly against him, that, under an application of the above rulings, he is not as a matter of law entitled to the lien claimed, the ruling here made finally disposes of the case, and it is unnecessary to pass upon the special grounds of the defendant's motion for a new trial or the defendant's exceptions to the judgment overruling the demurrer to the plaintiff's affidavit which is the basis of the foreclosure proceeding.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 6, 1929.

*W. H. Hammond,* for plaintiff in error. *J. B. Lockhart,* contra.