## 19334. CLUFF *v.* MERCHANTS & MECHANICS BANK.

JENKINS, P. J. 1. While ordinarily, before a laborer's lien can be foreclosed, the laborer must have fully completed the contract, yet where he is prevented from doing so by the other party to the contract the actual completion of the contract is not necessary. *Ballard* v. *Daniel,* 18 *Ga. App.* 449 (89 S. E. 603); *Payne* v. *Trammell,* 29 *Ga. App.* 475 (115 S. E. 923). Thus, where before the end of the year for which a farm laborer was employed, but after the maturity of the crops, the landlord turned the crops over to a third person, his creditor, to be gathered by that person, it was not necessary for the laborer to wait until the end of the year to foreclose his lien.

2. While it has been held by the courts of this State that "the surrender and satisfaction of an existing debt, if done bona fide, operates as a present consideration" (*Harris* v. *Evans,* 134 *Ga.* 161 (4), 67 S. E. 880; *Sutton* v. *Ford,* 144 *Ga.* 587 (5), 596, 87 S. E. 799, L. R. A. 1918D, 561, Ann. Cas. 1918A, 106; *Agee* v. *Rhodes,* 20 *Ga. App.* 117, 92 S. E. 771; *Few* v. *Pou,* 32 *Ga. App.* 620, 629, 24 S. E. 372), and that "the bona fide purchaser of personal property in payment of an antecedent debt before the property was seized under a laborer's general lien will prevail over such lien, no notice of the lien being brought home to the purchaser" (*Forbes* v. *Chisholm,* 84 *Ga.* 641, 11 S. E. 554, *Farmers &c. Bank* v. *Redden,* 17 *Ga. App.* 473, 87 S. E. 701), still this

rule would not have application where, as here, the title to the property had not been acquired by the creditor, and there had been no surrender and satisfaction of a pre-existing debt, but where, at the time the laborer's lien was levied, the only agreement which had been entered upon between the creditor bank and the employer of the laborer was an executory understanding whereby the bank had agreed to gather and sell the crop and thereafter apply the proceeds on a debt owing to it by the employer. Such being the case, the creditor had not bought the crop, nor had it even agreed to buy it, but in gathering the crop for the purpose of thereafter selling it and applying on its unextinguished debt such proceeds as might arise, it was acting merely as the agent of the employer with an interest of its own. If the bank had failed to comply with its undertaking to gather and sell the crop and thereafter apply the proceeds on its pre-existing debt, the remedy for such breach would not have been for any agreed price under a contract of purchase and sale, but for such damages as might have been shown to have been occasioned by such breach. The bank not having become a bona fide purchaser of the crop by virtue of having satisfied and extinguished its pre-existing debt, it was not entitled to prevail over the laborer's lien.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 24, 1929.

*George Y. Harrell,* for plaintiff. *Hatcher & Hatcher,* contra.