14280

LITTLE *ET AL.* v. RIVERS

(185 S. E., 174)

150

December, 1932.

*Mr. J. Arthur Knight,* for appellants,

*Messrs. Leppard & Leppard,* for respondent.

April 15, 1936.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

In 1925, the plaintiffs brought this action, one at law, in which they alleged that the defendant was indebted to them on an open account in the sum of $224.55. By his answer, Rivers denied certain specific items in the account as stated, and pleaded by way of counterclaim that in the fall of 1920 he delivered to Little & Co., to be applied to his account, three and one-half bales of cotton of the approximate value of $323.75, but that they failed to give him credit therefor. By agreement, the matter was referred to a special referee, who took the testimony offered by the parties and reported the facts to be as follows: That in 1920, the defendant was a sharecropper on the farm of one C. B. Brock, under a contract to receive for his labor one-half of the cotton pro-

duced thereon, "to be divided by the pound or by the dollar"; that seven bales from this farm were delivered by Brock to the plaintiffs at Morven, N. C., the entire value of which they credited as a partial payment on the debt which he owed them; that Brock had given to Little & Co. in 1920 a mortgage on his crops, including the one being worked on shares by Rivers, but that they had no notice of the defendant's interest in the cotton in question. From the facts found, the referee concluded and held that the plaintiffs, as a matter of law, acquired good title to the seven bales of cotton, and recommended that the counterclaim be dismissed and judgment given for the full amount sued for.

The matter, on defendant's exceptions to the report, was then heard by the late Hon. W. H. Townsend, Circuit Judge, who concurred in the referee's findings of fact, and sustained his conclusion that the plaintiffs were entitled to judgment against the defendant for the amount claimed in the complaint, but held that his conclusions of law in regard to the cotton were incorrect. We quote from the decree:

"The referee held, that inasmuch as plaintiff was given no notice of defendant's lien upon the cotton when it applied the cotton to Brock's debt, plaintiff acquired good title to the cotton, and is not required to account to defendant for his one-half interest therein. Citing *DuRant v. Home Bank,* 129 S. C., 283, 124 S. E., 12. I think, however, that under the facts stated the plaintiff is not to be regarded as a purchaser for value. *Heyward-Williams Company v. Zeigler,* 106 S. C., 425, 91 S. E., 298. See, also, *Cluff v. Merchants & Mechanics Bank,* 40 Ga. App., 299, 149 S. E., 300.

"I find from the evidence reported that defendant's one-half interest in said cotton amounted to the sum of Three Hundred and Six and 25/100 Dollars, which exceeds defendant's debt to plaintiff, Two Hundred and Twenty-four and 25/100 Dollars, in the sum of Eighty-two Dollars, and that defendant is entitled to judgment against plaintiffs in the last-mentioned sum."

The appellants, plaintiffs below, contend that the Circuit Judge committed error in not limiting the defendant in his recovery to the establishment of the allegations of the counterclaim in his answer. As a rule, a "judgment must conform to both the pleadings and the proofs, and be in accordance with the theory of the action upon which the pleadings are framed and the case was tried." 33 C. J., 1142. But in determining the matter, the pleadings should be construed as a whole and so as to support the judgment, if capable of such a construction; and substantial accordance is sufficient.

It appears from the circuit decree that the referee's conclusion of law, that the plaintiffs acquired title to the seven bales of cotton delivered to them by Brock, thus defeating the defendant's counterclaim, rested mainly upon his finding of fact that they had no notice that Rivers, the sharecropper, had any interest in such cotton. Judge Townsend held, in effect, that it was immaterial whether the cotton was delivered by the defendant or by Brock, as under the facts stated the plaintiffs could not be regarded as purchasers for value. As this holding was in direct response to the referee's conclusion of law, which may or may not have been based upon facts related to the allegations of the counterclaim, we think that the Circuit Judge, in the circumstances detailed, could properly render judgment as he did. Other contentions of the appellants have been considered and found to be without merit.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.