## 25559. TAYLOR v. RAINWATER, administratrix.

JENKINS, P. J. In a suit by a cropper against a landlord, to recover the value of the full agreed share of the cropper in the crop (*Perdue* v. *Cason*, 22 *Ga. App.* 284, 96 S. E. 16; *Ga., Fla. & Ala. Ry. Co.* v. *Parsons*, 12 *Ga. App.* 180, 76 S. E. 1063; *Brown* v. *Coleman*, 39 *Ga. App.* 172 (2), 146 S. E. 512), as in the case of a foreclosure of his laborer's lien against the landlord, the cropper must show that he fully completed his contract, or that a completion was waived or prevented by the landlord, or prevented by law on account of the levy of valid legal process against the landlord. *Lewis* v. *Owens*, 124 *Ga.* 228 (52 S. E. 333); *Payne* v. *Trammell*, 29 *Ga. App.* 475 (115 S. E. 923); *Harvey* v. *Lewis.* 19 *Ga. App.* 655, 656 (91 S. E. 1052); *Ballard* v. *Daniel*, 18 *Ga. App.* 449 (89 S. E. 603); *Sattes & Weimer Lumber Co.* v. *Hales*, 11 *Ga. App.* 569 (75 S. E. 898); *Haralson* v. *Speer*, 1 *Ga. App.* 573 (2, 3) (58 S. E. 142). The inability of the cropper to make a crop according to his contract, caused by his sickness but by no act of the landlord, will afford no legal excuse for non-performance, so as to authorize a premature action against the landlord for the full value of the cropper's share of the unmade crop. See *Gardner* v. *Smith*, 39 *Ga. App.* 224 (146 S. E. 648). Where, under the undisputed testimony, the cropper was taken sick soon after the making of his contract in December or January, "was not able to do anything," went to a hospital in another county, never recovered from the illness, and died in the following July, without ever being "able to do a single day's work," the refusal of the landlord, at the request of the cropper's wife, to furnish a mule, fertilizer, other supplies, and advances to the family of the cropper, and to permit two minor sons of the cropper, the older then about fourteen years of age, to make the crop, was not a violation by the landlord of his contract with the cropper or of any duty thereunder, in not permitting such young minors to assume or perform the contractual obligations of their father. Accordingly, such act or omission by the landlord afforded no legal justification such as would excuse the cropper from a performance of the contract, even though his inability was the result of lamentable misfortune. Therefore it was error, on the general grounds, to refuse a new trial to the defendant landlord after a verdict in favor of the administratrix, the wife of the cropper.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 26, 1936.

*C. A. Williams*, for plaintiff in error.   *I. J. Bussell*, contra.