WILCOX, GIBBS & COMPANY, plaintiffs in error, *vs.* HENRY T. CUNNINGHAM, defendant in error.

In a suit for the price of a guano which was sold as a manure, a plea that the manure was properly applied to the crop, that the crop was well attended to, and that *so applied and so used,* the guano was, in the production of his said crop, of no benefit whatever, and was wholly useless and valueless to this defendant, is not a good plea in bar of the recovery. The plea should have said distinctly that the guano was not reasonably suited for a manure,

or was worthless; or to the statement that it was properly used, it should have further set forth that the seasons were seasonable.

Sales. Pleadings. Before Judge JAMES JOHNSON. Talbot Superior Court. September Term, 1874.

Report unnecessary.

WILLIS & WILLIS, by M. H. BLANDFORD, for plaintiffs in error.

E. H. WORRILL, for defendant.

McCAY, Judge.

Recognizing, as we fully do, that the sellers of a fertilizer warrant that it is reasonably suited for the purpose intended, yet, in a suit on a contract for such manure sold, the burden of showing that it was not according to the presumed warranty, is clearly on the defendant. The facts are specially in his knowledge. He claims a breach of a cross-obligation by the plaintiff, and he is bound to make this out by proof. To justify proof there must be a plea. The plea in this case is peculiar. It is not pleaded that the fertilizer was not fit for the purpose intended. The pleader undertakes to give the facts. He states that it was properly applied to the crop and was well attended to—at least this is stated in substance. He then says that so applied and so used it was worthless and of no value. Now, it is plain to the commonest apprehension that all this might be true, and the fertilizer be still reasonably fitted for the purpose. All experience shows that a good season is a *sine qua non* for the success of these fertilizers; often the fertilizer does harm instead of good, solely by reason of untoward seasons. The facts as to the nature of the season are not alluded to in this plea, and we think for this reason it is bad. The form of the plea is suspicious. It was competent for the party to have simply pleaded that the article was not reasonably suited for the purpose. He does not do this; on the contrary, he states certain facts, and then

adds that under these circumstances it was of no use.. To make such a plea good, it should cover every possible condition. This leaves out a principal one, to-wit: the seasons. We are the more ready to make this ruling because the evidence in the record rather indicates that this condition was left out because the fact was rather in favor of the plaintiffs, and under our law requiring pleas to be sworn to, the statement of it in the plea might make the plea difficult to swear to.

Judgment reversed.