2224.   THOMASON *v.* SWIFT FERTILIZER WORKS.

RUSSELL, J.   The defendant's plea failing to present any issuable defense, the demurrer thereto was properly sustained.   \ *Judgment affirmed.*
DECIDED SEPTEMBER 20, 1910.

Complaint; from city court of Bainbridge—Judge Harrell. September 24, 1909.

The action was upon promissory notes executed by the defendant to the Swift Fertilizer Works, the plaintiff. The defendant's plea, which, on general demurrer, the court struck, admits the execution of the notes, but denies his liability on them, "for the reasons hereinafter set out." The plea continues as follows: "3. For further plea, defendant says, that said notes were given for the purchase of fertilizers from plaintiff for the year 1908, being for 24 tons in one car of a standard grade, for use under corn and cotton, and for 12 tons in a second car of a high-grade, for use under tobacco and truck.   4. The first car of 24 tons was, on delivery to defendant, found to have been resacked, and was without tags on the

sacks as required by law, and defendant used same under his corn and cotton during the season of 1908, which was an average season for the growth of such crops, but defendant got no beneficial results, or the results that plaintiff guaranteed from the analysis branded on said sacks, from the use of said fertilizers, and consequently his crops failed, and the consideration of said notes given for the purchase of said fertilizers has totally failed. 5. The second car of high grade fertilizer, bought for defendant's tobacco and truck crop, he used on said crops in the proper way, but said fertilizers failed to benefit said crops, although the season was propitious for such crops, and defendant's said crops failed on account of said fertilizers being not of the guaranteed analysis and containing the ingredients specified on the sacks, and the consideration of defendant's note given for the purchase of same has totally failed. 6. After the failure of defendant's crops aforesaid, which failure was attributable directly to a lack of a sufficiency of the ingredients guaranteed to be contained in said fertilizers, defendant proceeded to have said fertilizers analyzed, and sent specimens of same to the commissioner of agriculture of the State of Georgia, at Atlanta, Georgia, and was by him informed that an inspector would call upon him and take samples of same and submit to the chemist for examination, but to this date the inspector has not taken samples, but defendant is assured that the same will be taken, when he shall submit same to the test of analysis, and show the results to the court before the final trial of this case."

Citations by counsel: Acts 1901, p. 65; Acts 1903, p. 94; 4 *Ga. App.* 232, 234; 132 *Ga.* 533-4; 114 *Ga.* 666, 668; 94 *Ga.* 14; 83 *Ga.* 33; 62 *Ga.* 617; 54 *Ga.* 490.

*R. G. Hartsfield,* for plaintiff in error.

*Tye, Peeples, Bryan & Jordan,* contra.