## SWIFT & COMPANY *v.* DUNCAN.

1. The laws of this State, relating to the inspection of fertilizers and fer-
tilizer materials, do not require the subsamples, taken by the inspectors
from each separate lot inspected, analyzed; but only require an analysis
of a sample made up or taken from all samples drawn by inspectors from
different lots of the same brand.
2. The analysis of this composite sample is the official analysis referred
to in the Civil Code (1910), §§ 1773, 1783; and it is not essential that
it should appear that the analysis was made from a sample taken from
the particular lot of fertilizer for the purchase-price of which recovery
is sought.

No. 3032. NOVEMBER 18, 1922.

Certiorari; from Court of Appeals. *27 Ga. App.* 820.

*Colley & Colley* and *Tye, Peeples & Tye,* for plaintiff.

*W. A. Slaton* and *Hugh E. Combs,* for defendant.

HINES, J. This cause is before this court upon petition for
certiorari to review the decision of the Court of Appeals therein.
*Duncan* v. *Swift & Co., 27 Ga. App.* 820 (110 S. E. 24). That de-
cision is as follows: " A certified copy of the official analysis of a
brand of fertilizer registered with the Department of Agriculture
is admissible in evidence in any of the courts of this State, in
any case in which the question of the actual ingredients contained
in the fertilizer is material. After a brand of fertilizer is regis-
tered with the Department of Agriculture, the grade can not be
lowered; and it is therefore to be presumed that all fertilizer
of that brand, sold after it is thus registered with the com-
missioner, contains substantially the same ingredients, and a cer-
tified copy of an analysis of the brand so registered, made at any

time by the State chemist, is admissible in evidence. It is not essential that it should appear that the analysis was made from a sample taken from the particular lot of fertilizer for the purchase price of which recovery is sought." This decision of the Court of Appeals is based upon its earlier decision in *Arlington Oil & Guano Co.* v. *Swann,* 13 *Ga. App.* 562 (79 S. E. 476). The decision in that case is pat authority for the later one now under review. Are those decisions correct ones? A brief synopsis of our laws governing inspection of fertilizers will throw light on this question. (1) All manufacturers, jobbers, and manipulators of commercial fertilizers and fertilizer materials who may desire to sell, or offer for sale the same, in this State shall first file with the commissioner of agriculture, upon forms furnished by him, the name of each brand of such fertilizers, acid phosphates, fertilizer materials, or chemicals, with the name and address of the manufacturer or manipulator, the guaranteed analysis thereof, and the sources from which the phosphoric acid, nitrogen, and potash are derived. Civil Code (1910), § 1772. (2) All persons, companies, manufacturers, dealers, or agents, before selling any commercial fertilizer or fertilizer material, shall brand or attach to each package the brand name of the fertilizer, the weight of the package, the name and address of the manufacturer, and the guaranteed analysis of the fertilizer, giving its valuable constituents in minimum percentages only in the order named. § 1772. (3) The guaranteed analysis of each brand of fertilizer or fertilizer material must, without exception, remain uniform throughout the fiscal year for which it is registered, and in no case, even at subsequent registration, shall the grade be lowered, although the proportion of the available constituents may be so changed that the decrease of one constituent may be compensated for in value by the increase of the other or others. But such change must first receive the approval of the commissioner of agriculture. § 1777. (4) The commissioner of agriculture is required to appoint not exceeding six general inspectors, and during the busy season he may appoint additional inspectors, whose duty it shall be to inspect all fertilizers, acid phosphates, chemicals, cottonseed meal, or other fertilizer material found within the limits of this State, and to see that all fertilizer materials are properly tagged. Ga. Laws 1912, p. 52 (Park's Code, § 1780). (5)

Each inspector must be furnished with bottles of not less than eight-ounce capacity in which to place samples of fertilizer and fertilizer materials drawn by him, and it is his duty to draw with such instrument as shall secure the core from the entire length of the package such sample of fertilizers and fertilizer materials as the commissioner of agriculture may direct him to inspect, or that he may find uninspected; and in the performance of this duty he shall carefully draw samples as follows: in lots of ten packages or less, from every package; in lots of 10 to 100 packages, from not less than 10 packages; in lots of 100 packages and over, from not less than 10 per cent. of the entire number; and after thoroughly mixing the samples so drawn, he shall, by the method known as " quartering," draw from such thoroughly mixed samples two subsamples, and with them fill two sample bottles, and shall plainly write on a label on said bottles the number of said sample, and shall also write on the label on one only of said bottles the name of the fertilizer, acid phosphate, or other fertilizer material, and the name of the manufacturers. He shall then seal both of said bottles, and shall forward to the commissioner of agriculture the said samples so drawn by him, stating the numbers of sacks from which the sample was drawn, with a full report of the inspection written on a form prescribed by the commissioner of agriculture, which report must be numbered to agree with the number of the bottle; and in said report shall be given the name of the fertilizer, or fertilizer material, the name of the manufacturer, the guaranteed analysis, the place where inspected, the date of inspection, and name of inspector. § 1781. (6) A sample of all fertilizers or fertilizer material drawn by the official inspectors, and filed with the commissioner of agriculture, shall be marked by number and delivered by said commissioner of agriculture to the State chemist, who shall make a complete analysis of the same, and certify, under same number as marked, said analysis to said commissioner of agriculture, which analysis shall be recorded as official and entered opposite the brand of fertilizers or fertilizer material which the mark and number represent. Said official analysis of such fertilizers or fertilizer material, under the seal of the commissioner of agriculture, shall be admissible as evidence in any of the courts of this State, on the trial of any issue involving the merits of such fertilizers or

fertilizer material. § 1783. (7) A copy of the official analysis of any fertilizer or chemical, under seal of the department of agriculture, shall be admissible as evidence in any of the courts of this state, on the trial of any issue involving the merits of such fertilizer. § 1773.

From the above synopsis it will appear that fertilizers are inspected in lots, and samples are taken from the packages composing the different lots inspected. The samples drawn from the packages composing each lot are thoroughly mixed, and from the resulting mixture the inspector, by the method known as " quartering," draws two subsamples which he puts in two bottles, and on the label of each he writes the number of the sample. On the label of one of the bottles the inspector writes the name of the fertilizer, acid phosphate, or other fertilizer ingredient, and the name of the manufacturer. He then seals both bottles, and forwards them to the commissioner of agriculture, stating the number of sacks from which the sample was taken, and giving on a prescribed form a full report of the inspection, which must be numbered to correspond with the number of the bottle, and in which are given the name of the fertilizer, the name of the manufacturer, the place where inspected, the date of the inspection, and the name of the inspector. Thus is kept a complete history of each lot of fertilizer which is inspected in this State. Then a sample of all fertilizers or fertilizer material drawn by the official inspectors, and filed with the commissioner of agriculture, is marked by number, and delivered by the commissioner of agriculture to the State chemist, who shall make a complete analysis of the same, and certify, under the same number as marked, to the commissioner of agriculture, which analysis shall be recorded as official, and entered opposite the brand of fertilizer or fertilizer material which the mark and number represent. The sample which the State chemist analyzes is not each separate subsample which the inspector lodges with the commissioner of agriculture, but " a sample of all fertilizers or fertilizer material drawn by the official inspectors and filed " with the commissioner. It is a composite sample. The State chemist makes a complete analysis of this composite sample, which is recorded as the official analysis, and entered opposite the brand of fertilizers or fertilizer material which the sample represents. This is the official analysis

referred to in the Civil Code, §§ 1773, 1783. *Jones* v. *Cordele Guano Co.*, 94 *Ga.* 14 (20 S. E. 265). The inspection laws do not require each subsample of each lot of fertilizer or fertilizer material inspected to be separately analyzed, and its separate analysis kept; but it requires only one analysis made by the State chemist, and that is a sample of all the subsamples drawn by the inspectors from lots of the same brand. This sample is made up of all the samples drawn and filed by the inspectors. The analysis of this sample is the official sample. If the law required each inspector's subsamples analyzed, and its analysis placed opposite the lot inspected, then this analysis would be the one referred to in the above sections; but as the law does not require an analysis of each subsample of each lot drawn and filed by each inspector, and only requires one analysis of such composite sample, which is made the official analysis, the latter applies to each sale of any given brand. On the trial of any issue involving the merits of any fertilizer or fertilizer material bought by a customer from its manufacturer, a certified copy of this official analysis, under the seal of the commissioner of agriculture, is admissible. This must necessarily be so, because no official analysis of each lot inspected is required by law.

*The judgment of the Court of Appeals is affirmed. All the Justices concur.*