13301. RICHARDSON & SON *v.* STUDEBAKER CORPORATION OF AMERICA.

</div>

JENKINS, P. J. 1. In view of the defendants' evidence that they paid the freight charges on the wagons, for the invoice price of which the suit was brought, and took them from the freight depot, stored and tried to sell them, and sold one of them, and the further uncontroverted evidence that the defendants retained them for a period of more than six months, their evidence that, within a few days after giving to the plaintiff's agent the order to ship the wagons to them as factors under a consignment contract, they wrote to the plaintiff a letter countermanding the order, raised no issue for the jury, even though the contract provided that the orders of the defendants were to be filled "subject always to acceptance and approval" by the plaintiff at its home office.

2. Where one holds another out as his special agent, the principal is bound by the agent's apparent authority to do the particular thing thus authorized, as well as to do any and all things usual, necessary, and proper in the due and ordinary performance of the particular purposes of the appointment. But a person dealing with such an agent takes the risk as to any extension of the agent's authority beyond that which is thus authorized, and the burden rests upon him to show authority from the principal such as would authorize a collateral contract, entered upon by such an agent, which was not a usual and necessary incident to the particular purpose of his appointment. *Wise* v. *Mohawk*

*Rubber Co.,* 23 *Ga. App.* 255 (98 S. E. 100). Thus, where the original written contract of consignment between the plaintiff and the defendant consignees expressly stipulated that the plaintiff would be authorized to treat the shipment as an absolute sale of the goods if the consignees retained them for a period of six months after the date of invoice, and where by the terms of the writing the authority of the plaintiff's salesmen was defined and limited under a provision that the agreement " embodies our entire understanding and cannot be modified except by writing duly executed by us at our general office," and that the shipper " will recognize no oral agreement with salesmen," the court did not err in excluding the defendants' evidence seeking to show that the plaintiff's salesman who had originally taken the order had, after the shipment and receipt of the goods in question, but without any proved authority from his principal, authorized the defendants not to return them as provided by the terms of the contract, and to retain them as custodians for the plaintiff.

(*a*) Even though it were possible to hold that the stipulation in the contract that the goods might within six months be returned " to South Bend, Indiana, or elsewhere as may direct," contemplated the giving of verbal as well as written instructions for their return, still the alleged conduct of the agent, even if authorized, cannot be taken as a " return " of the goods in compliance with the terms of the written agreement, since the contract further required that, in the event the goods were thus returned, the defendants should pay " a sum equal to ten per cent. of the invoice price of the goods, to cover the agreed natural depreciation " while in the defendants' possession. The defendants failed to show that they had complied, or had offered to comply, with this provision.

3. Even though the conduct of the defendants in retaining the goods for a period of more than four months after the original period of six months had expired could be taken as not necessarily and as a matter of law amounting to a waiver of their claim for a partial failure of consideration, still, since the evidence as introduced or as offered failed to afford the jury any basis for the calculation of the alleged partial failure, there was no error in excluding the evidence complained of as to the quality of the wagons, or in refusing a new trial after the plaintiff had written off from its judgment the amount claimed by the defendants under their plea of recoupment.

        *Judgment affirmed. Stephens and Bell, JJ., concur.*
            DECIDED NOVEMBER 23, 1922.

Action on contract; from Whitfield superior court — Judge Tarver. December 19, 1921.

*F. K. McCutchen,* for plaintiff in error.

*Maddox, McCamy & Shumate,* contra.