13865. PRESCOTT *v.* SEACOAST FERTILIZER COMPANY.

JENKINS, P. J. 1. "While a plea of total failure of consideration includes partial failure of consideration, there must be evidence introduced showing the extent to which the consideration has failed, before a verdict can be rendered giving the defendant the benefit of a partial failure." *Grier* v. *Enterprise Stone Co.,* 126 *Ga.* 17 (54 S. E. 806); *Consolidated Phosphate Co.* v. *Sturtevant,* 20 *Ga. App.* 474 (5), 478 (93 S. E. 55); *Richardson* v. *Studebaker Corp.,* 29 *Ga. App.* 249 (114 S. E. 648). The same rule applies as to the damages sought to be recouped by the defendant, but which are likewise merely speculative and are unsupported by any sufficient data such as could afford a basis for estimate with reasonable accuracy. *Cooper* v. *Nat. Fertilizer Co.,* 132 *Ga.* 529, 534, 535 (64 S. E. 650); *Codman* v. *Roberds,* 27 *Ga. App.* 559 (9) (109 S. E. 536); *Savannah Chemical Co.* v. *Bragg,* 14 *Ga. App.* 371, 373, 374 (80 S. E. 858). The uncontroverted evidence in the instant case showing that the fertilizer, for

13

the purchase price of which plaintiff sued, was not entirely worthless, and the evidence, under the defendant's plea of total failure of consideration and damages by way of recoupment, failing to supply data by which the jury could arrive at the extent of the partial failure of consideration and damages with any reasonable certainty, a verdict for the plaintiff upon the issues raised by the plea was demanded.

2. The verdict of the plaintiff being demanded by the evidence, it is unnecessary to pass upon the exceptions taken to the two excerpts from the charge, and to determine whether or not, under the contentions of the plaintiff fertilizer company, the defendant would be precluded by the language and intent of the statutes regulating the registration, analysis, and sale of fertilizer (Civil Code of 1910, §§ 1771 et seq.) from setting up and proving a breach of an implied warranty, or a total failure of consideration, except by proving " that it did not contain the ingredients guaranteed in the analysis, or in case of partial failure of consideration that it did not contain as . much of the ingredients as the law requires." See *Scott* v. *McDonald*, 83 *Ga.* 28 (2), 32 (9 S. E. 770) ; *Cooper* v. *Nat. Fertilizer Co.*, supra; *Swift* v. *Duncan*, 154 *Ga.* 487 (114 S. E. 897) ; *Keaton* v. *Birmingham Fertilizer Co.*, 13 *Ga. App.* 645 (79 S. E. 75) ; *Thomason* v. *Swift Fertilizer Works*, 8 *Ga. App.* 240, 241 (68 S. E. 945) ; *Arlington Oil Co.* v. *Swann*, 13 *Ga. App.* 562 (79 S. E. 476). But see *Wilcox* v. *Owens*, 64 *Ga.* 601; *Roebling's Sons Co.* v. *Southern Power Co.*, 142 *Ga.* 464 (83 S. E. 138, L. R. A. 1915B, 900).

> *Judgment affirmed. Stephens and Bell, JJ., concur.*
> DECIDED APRIL 14, 1923.

Complaint; from Richmond superior court — Judge Henry C. Hammond.   June 17, 1922.

*Pierce Brothers, C. Vernon Elliott,* for plaintiff in error.
*Hull & Barrett,* contra.