### 14971. FRANK & MEYER NECKWEAR COMPANY v. WHITE.

JENKINS, P. J. On the first trial of this action on open account for the purchase-price of neckties, a nonsuit was granted, but the judgment was reversed. See *Frank & Meyer Neckwear Co.* v. *White,* 29 *Ga. App.* 694-697 (116 S. E. 855), where the essential pleadings, documentary

evidence, and contentions of the parties are set forth. In the second trial the evidence for the plaintiff was substantially the same except that it did not put the defendant on the stand; and evidence was offered for the defendant. The court on motion directed a verdict for the plaintiff, but granted the defendant's motion for a new trial, based upon this ground and upon exceptions to the admission of evidence. The plaintiff excepts to this order, contending that the verdict as directed in its favor was demanded. *Held:*

1. In reviewing the judgment granting a nonsuit on the first trial, this court held that the action on open account was maintainable, since "it appears that the goods, after being delivered by the seller to the carrier and received by the vendee, were, without any authority from the seller, delivered back to a carrier by the vendee for the purpose of being returned to the seller, under a contention that the goods as shipped did not conform to the contract of purchase," and that "after the seller had refused to accept their return, the vendee thereupon directed the carrier to return the goods to him, and after thus regaining possession of them continued to hold them in his possession and under his control, without any further notice to the seller." *Frank & Meyer Neckwear Co.* v. *White,* supra. In the last trial, it was shown that, after the defendant vendee had attempted to return the goods to the plaintiff seller, and the express company had notified him of their rejection, the defendant in two letters directed the carrier to return the goods to him, and they remained in his possession. This exercise of dominion over the goods, after complaint that they did not conform to the contract, constituted a waiver of the previous objections and amounted in legal effect to an acceptance of the shipment, notwithstanding the defendant's testimony in the instant trial that, after such acts of dominion and ownership, he wrote the seller that he *"wouldn't* accept the ties, that they were here subject to their orders." 35 Cyc. 258.

2. On the former trial of this case it was held that "questions arising as to the proper construction of the written order, not being presented by any exception to the order granting a nonsuit, are not before this court for determination;" but that, since "duplicate copies of the original order were made by the salesman of the plaintiff vendor, one of which was forwarded to the plaintiff, and the other of which was delivered to the defendant vendee, . . and . . in letters written by the defendant to the plaintiff not only was the existence of the contract as evidenced by such duplicate copy in his possession recognized, but the terms thereof were insisted upon," the case was taken out of the operation of the statute of frauds. The only questions left in the instant trial relate to the amount due under the contract, relied upon by both parties. The documentary evidence of the defendant's recognition and insistence upon the provisions of his duplicate order for the goods being the same as in the previous trial, so far as such sales order purported to integrate within itself the terms of the sale, it was binding upon the parties and not subject to variance by parol. On this printed order, under a column headed by the printed words "Quan. of ea.," opposite certain indicated style numbers, appears a list of items in connection with what purports to be pattern numbers of neckties, as follows: "1 Dz. ea. 4-Hds.—9439-9440-9408-9449-9467;" "2 Dz. ea. 4-Hds. 9459-

38-54-31-53;" "2 Dz. ea. 4-Hds. 9036-9027;" "2 Dz. 4-Hds. 8915;" "1 Dz. ea. 4-Hds. 8836-8850;" "1 Dz. ea. 4-Hds. 8425-8449;" "1 Dz. ea. 4-Hds. 8671-8464;" "2 Dz. 4-Hds. 8105;" "1 Dz. 4-Hds. 8101," the price per dozen being placed opposite the respective items. The defendant contended that the order was for only 13 dozen ties, and not 30 dozen as contended by the plaintiff. The defendant himself testified that "Dz." meant "dozen," and that "Dz. ea." in past orders had meant "dozen each" of the pattern numbers specified, although he contended that the abbreviation "ea." for "each" did not have that meaning in the order in question. There being no fair dispute as to the meaning of the abbreviations, and that their use opposite the various pattern numbers must be taken as ordering so many "dozen each" of the indicated patterns, as contended by the plaintiff, a verdict in its favor upon that issue was demanded. See *Carr* v. *Louisville &c. R. Co.*, 141 *Ga.* 219, 222 (80 S. E. 716).

3. The defendant set up in his plea, "That said neckwear was defective and not of the kind and quality ordered, for the reason that it was understood by plaintiff and defendant that said neckwear should have attached the firm label· of the defendant, it having always been the custom of the plaintiff to attach the label of defendant to all shipments of neckwear ordered by defendant, and it was understood and agreed at the time of this order that said neckwear should have labels as heretofore attached, and plaintiff did fail and refuse and omit to attach said labels, which omission rendered said neckwear practically useless and of no value to defendant." It appears that the order contained this printed language: "To avoid mistakes in printing labels·attach sample of label desired or letterhead. Print copy for labels here." No form or direction by the defendant to furnish the labels appears on the order. There was a conflict, however, between the testimony of the defendant and of the plaintiff's salesman as to whether the defendant had orally ordered the labels, although there was no dispute that, if the defendant had so ordered them, they would have been inserted without extra cost to the defendant. *Held:*

(*a*) Treating the plea as one of breach of contract, and the evidence as to the alleged oral order and undertaking to insert the printed labels on the ties as not in conflict with the terms of the writing, especially since the right of the customer to have such labels when requested seems to be implied by the quoted language providing for the attachment by the customer of a sample of the desired label, it nevertheless appears that, after complaining of the plaintiff's failure to comply with this alleged obligation, the defendant, after shipping the goods to St. Louis, Missouri, directed the carrier to return them to him at Macon, Georgia, and by his acts of dominion and ownership in thus controlling and regaining possession of the goods, which amounted in law to an acceptance, waived any failure on the part of the plaintiff to comply with its alleged undertaking, as a ground for rejecting the goods.

(*b*) Treating the plea as one of failure of consideration, "an action for the purchase price of goods cannot be defeated by a plea of total failure of consideration, unless the evidence shows that they were totally worthless for any purpose." *Brown Shoe Co.* v. *Crosby*, 30 *Ga. App.* 534 (4) (118 S. E. 446). "While a plea of total failure of consideration includes

partial failure of consideration, there must be evidence introduced show-ing the extent to which the consideration has failed, before a verdict can be rendered giving the defendant the benefit of a partial failure." *Grier* v. *Enterprise Stone Co.*, 126 *Ga.* 17 (54 S. E. 806) ; *Prescott* v. *Seacoast Fertilizer Co.*, 30 *Ga. App.* 193 (117 S. E. 254). The evidence failing to show either that the goods were totally worthless for any purpose, or any data by which the jury could ascertain and pass upon the extent of any partial failure of consideration, a verdict for the plaintiff on this portion of the plea was demanded.

4. The verdict for the plaintiff being demanded upon all issues and ques-tions undetermined by the previous adjudication in the case, it was error to grant a new trial.

 Judgment reversed. *Bell, J., concurs. Stephens, J., dissents.*

DECIDED AUGUST 13, 1924.

Complaint; from city court of Macon—Judge Gunn. July 16, 1923.

Application for certiorari was denied by the Supreme Court.

*Brock, Sparks & Russell,* for plaintiff.

*T. A. Jacobs Jr., Harris, Harris & Witman,* for defendant.