38044. ATLANTA TRANSIT SYSTEM INC. *v.* ALLEN.

DECIDED APRIL 6, 1960—REHEARING DENIED JUNE 6, 1960.

752

*Hugh M. Dorsey, Jr., Jule W. Felton, Jr.,* for plaintiff in error.
*Ward, Brooks & Williams, Cullen M. Ward, Wilson Brooks,*
contra.

BELL, Judge. "The function of the motion for judgment non obstante veredicto is not the same as that of a motion for a new trial, but is a summary method of disposing of the entire litigation where it is obvious that the party against whom the motion is directed cannot under any circumstances win his case." *McClelland* v. *Carmichael Tile Co.*, 94 *Ga. App.* 645 (96 S. E. 2d 202). If the evidence authorized the verdict the motion should be overruled. *City Council of Augusta* v. *Hood,* 95 *Ga. App.* 259 (97 S. E. 2d 639). In *Echols* v. *Thompson,* 211 *Ga.* 299, 303 (85 S. E. 2d 423) the Supreme Court approved the statement that where there is an evidentiary basis for the jury's verdict, the jury being free to discard or disbelieve whatever facts were inconsistent with their conclusions, it is error for the court to substitute its conclusions for those of the jury and enter a judgment notwithstanding the verdict. On such motion the evidence must be accepted which is most favorable to the party in whose favor the verdict was rendered.

The undisputed evidence of this case shows that the plaintiff was a passenger on the defendant's bus, that the bus had a rear door bearing the words "Push to Open," that after the bus had reached a full stop, the plaintiff tried several times to push the door open, and, that the door then opened unexpectedly thereby causing her to fall to the ground and inflicting injury to her person. The evidence disclosed that this particular door required some external force to open it because the bus operator could only activate a mechanism, which "unlocked" the door, whereafter the passenger could push the door open and alight from the bus. Though the evidence does not clearly show

754

whether the plaintiff did or did not push the door when it finally came open, this evidence would not debar the plaintiff's right of recovery. This court held in *Atlanta Transit System, Inc.* v. *Allen*, 96 *Ga. App.* 622, 637 (101 S. E. 2d 134): "If one pushes against a door which is supposed to yield and does not, whether an ordinarily prudent person would simply think the door was hard to move and use greater force to move it, or whether such person would `expect it to suddenly yield and spring back is an issue of fact under all the circumstances of the case."

The negligence charged in this case is the operator's conduct relating to the unlocking of the bus door. There is ample evidence to show that the plaintiff was having difficulty in causing the door to open, and the jury was justified in finding that the operator's inattention, delay and general conduct relating to the opening of the door set in motion the subsequent events which resulted in and caused the plaintiff's injury. The evidence authorized the verdict and the trial court did not err in overruling the motion non obstante veredicto.

*Judgment affirmed. Gardner, P. J., and Nichols, J., concur. Felton, C. J., disqualified.*