38616.   KING *et al.* v. RICH.

DECIDED JANUARY 17, 1961.

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe,* for plaintiffs in error.

*Albert Sidney Johnson,* contra.

TOWNSEND, Presiding Judge. ■ The four items contended for by the defendants to constitute a failure of consideration will be considered in order. It appears that although the franchise had in fact expired, no cost was connected therewith, and it was renewed by Gulf Oil Company immediately after notice to it. The sink and hot water heater were also admitted by Gulf Oil Company to be the property of the plaintiff, and accordingly became the property of the defendant. As to the matter of inventory, the value was, according to the estimate of an independent appraiser substantially under the purchase price of $6,600, but the jury was authorized to believe the plaintiff's testimony that the verbal contract of sale was not based on the value of inventory, but on a "take it or leave it" basis. There was no evidence that the defendant was prevented, prior to sale, from making such investigations as he chose to determine for himself the value of the property being purchased. The fourth contention concerns the encumbrance on the title of the property sold and it is admitted by all parties that the plaintiff's daughter holds an uncanceled bill of sale to secure debt against the prop-

erty in an unspecified amount (some payments, at least, having been made against the face amount of $3,500). It also appears that an attempt to foreclose this bill of sale by the daughter was abandoned after preparation of an affidavit of illegality, but neither the bill of sale to secure debt, the proceedings in the other case, nor any other definite evidence concerning the present status of that instrument is in evidence here. While we agree with the contention of the plaintiffs in error that the testimony of a party, when evasive and self-contradictory, must be construed most strongly against him in considering whether or not he is entitled to a verdict in his favor (*Long Cigar &c. Co. v. Harvey*, 33 Ga. App. 236 (2), 125 S. E. 870), and while the plaintiff, although testifying on direct examination that he informed the defendants of the existence of the debt against the property prior to the sale, made statements on cross-examination indicating that he said this debt was secured by a mortgage on his daughter's home rather than by a mortgage on the filling station property, it is not necessary to decide whether the plaintiff's evidence, when construed against him on this issue, still leaves a jury question as to whether or not the plaintiff informed the defendant about the lien against the property, or whether he made any warranty at all that the property was unencumbered. One who assumes the burden of proving a partial failure of consideration must offer evidence establishing the extent to which the consideration has failed before a verdict can be rendered in his favor giving him the benefit of such plea. *Grier v. Enterprise Stone Co.*, 126 Ga. 17 (54 S. E. 806); *Prescott v. Seacoast Fertilizer Co.*, 30 Ga. App. 193 (117 S. E. 254); *Frank & Meyer Neckwear Co. v. White*, 32 Ga. App. 613 (3b) (124 S. E. 116). The bill of sale to secure debt is not in evidence in this case and there is no evidence from which it may be determined what remained owing on it at the time of the trial. The burden being on the defendants to establish these facts, and there being insufficient evidence for this purpose, the verdict in favor of the plaintiff was authorized. The general grounds of the motion for a new trial are without merit.

■ The amendment to the motion for a new trial contains nine paragraphs, seven of which the plaintiff in error treats as

being explanatory of the general grounds of the motion. Neither of the two remaining paragraphs contains any specific statement that the court erred in regard to the subject matter therein contained, and one is merely a recital as to statements of various jurors made after verdict. The amendment has accordingly been considered only as it relates to the general grounds of the motion.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Carlisle, Frankum and Jordan, JJ., concur.*