### 39764. ROBBINS et al. v. HAYS.

RUSSELL, Judge. 1. "This court will not interfere with the first grant of a new trial, even where a verdict is directed, unless the law and evidence demanded the verdict directed." *Fuller v. Cox*, 81 Ga. App. 301 (58 SE2d 513).

2. A plea of total or partial failure of consideration is a permissible defense to an action founded upon any contract. *Code* §§ 81-601, 20-310, 20-902. To sustain such defense after the plaintiff has made out a prima facie case for the purchase price, the defendant must show either that the consideration has totally failed, or, if the failure is partial, sufficient data from which the jury may determine the amount which the defendant is entitled to recoup against the contract price, and, if the defendant fails to show either of these things, he is not entitled to an offset even though there may be evidence that the consideration has partially failed by some undetermined amount. *Hall v. Southern Sales Co.*, 81 Ga. App. 392 (58 SE2d 925); *Clegg-Ray Co. v. Indiana Scale &c. Co.*, 125 Ga. 558 (54 SE 538).

3. "In every case of breach of contract, the other party has a right to damages; but if there has been no actual damage, the plaintiff can recover nominal damages which will carry the costs." *Code* § 20-1409.

4. The first grant of a motion for new trial will not be disturbed unless "the law and facts require the verdict notwithstanding the judgment of the trial court." *Code Ann.* § 6-1608. A judgment n.o.v. is a summary method for disposing of the entire litigation where it is obvious that the party against whom it is directed cannot under any circum-

stances win his case, and it does not lie in every instance where a motion for new trial would have been granted, even on the general grounds. *McClelland v. Carmichael Tile Co.*, 94 Ga. App. 645 (96 SE2d 202); *Atlanta Transit System v. Allen*, 101 Ga. App. 751, 753 (115 SE2d 479); *Salley v. Hogan*, 104 Ga. App. 876 (123 SE2d 313). Since the first general grant of a new trial is so largely within the discretion of the trial judge, this court, to find whether it has been abused and the law and facts demand the verdict rendered, must measure the issues by that same strict standard which would apply had the situation been reversed, and had the plaintiff in error appealed from the denial of a motion for judgment notwithstanding the verdict following the denial of a motion to direct a verdict in his favor. That is to say, only in those cases where a motion for judgment n.o.v. would have been sustained if a litigant had lost his case will the grant of a first new trial be error where in fact he won it.

5. (a) In the present case the plaintiff, William G. Hays, filed an action for damages against Robbins Home Improvement Company alleging that he had entered into a written contract with the defendants to make certain specified repairs to his home; that upon completion of the work he paid the defendants in full without knowledge at that time that the same had been performed with poor workmanship and materials totally unfit for the purposes intended; that as a result the exterior paint has peeled and cracked, the floor was so slanted as to cause water to flow into the interior of plaintiff's home; the subflooring warped and split causing the floor surface to become unsafe for use; the tile laid on the porch floor buckled, split and separated; the wooden columns installed were too short, increasing the sag in roof and ceiling of the porch, and the gutters were not installed so as to permit water to flow to the downspout; that there has been a total failure of consideration; that defendants entered into the contract in bad faith, and plaintiff is entitled to attorney fees as additional damages. Upon the trial the evidence was in sharp conflict as to whether or not the defects complained of existed and, if so, whether they were the fault of the defendants, but the plaintiff substantially proved his case as pleaded, while failing to show exact damages as they related to the various items included in the contract. At the close of the evidence the

judge directed a verdict in favor of the defendants. Thereafter, he granted the plaintiff a new trial generally, and this judgment is assigned as error.

(b) It cannot be said that a general verdict for the defendants was demanded, or, put otherwise, that if the trial court had overruled the motion for a directed verdict and a jury verdict had been returned for the plaintiff this court would regardless of the amount have granted a judgment notwithstanding the verdict to the defendants. Whether or not the evidence would have supported a verdict for the plaintiff for the total amount sued for based on total failure of consideration, or whether or not it would have supported a verdict in any particular substantial amount based on partial failure of consideration, the plaintiff's evidence was deficient in no respect except certainty of amount. There was abundant evidence to support a finding that the contract had been breached, which would have entitled him to nominal damages at least. It does not appear that the plaintiff cannot under any circumstances win his case, or that there is no conflict in the evidence, or that a verdict for the plaintiff in any amount would not be allowed to stand.

(c) The rule of law set out in the second headnote refers to failure of consideration when used as a *defense* to obtain an abatement in the contract price, in cases where the plaintiff, having proved his case, is entitled to a verdict as a matter of law in the sum sued for unless the defendant shows some particular amount by which the indebtedness should be diminished. The rule obviously exists by reason of the necessity of the case. It will not be extended, in a case of conflicting evidence such as here exists, to a holding that the trial court abused his discretion in the first grant of a new trial, even though the evidence was vague as to the amount of damages resulting from the breach.

*Judgment affirmed. Carlisle, P.J., and Eberhardt, J., concur.*

DECIDED NOVEMBER 14, 1962.

*Carpenter, Karp & Mathews, A. Tate Conyers,* for plaintiffs in error.

*Parker, Howard & Parker, Milton Harrison,* contra.