39957. DAN E. AUSTIN, JR., & SONS, INC. v. HARTFORD FIRE INSURANCE COMPANY.

JORDAN, Judge. This was a suit by the plaintiff insured to recover damages against the defendant insurance company under a policy of insurance which contained a rider insuring cattle while being transported in plaintiff's trucks against death or destruction directly resulting from or made necessary by "collision or derailment or overturn of a vehicle upon

which the insured property is being transported." The petition alleged that on October 4, 1959, while said insurance was in full force and effect, two cows, being transported in one of the plaintiff's trucks, were killed when both tires on the right rear wheel of the truck blew out, causing the vehicle to sway and overturn. The petition alleged that the cows were valued at $550, and this sum, plus the statutory penalty for bad faith and attorney's fees, was sought as damages.

The defendant filed its answer in which it denied that the loss was covered by the policy of insurance and alleged that the claim presented to it by the plaintiff varied materially from the allegations of the petition and did not show a loss within the policy coverage. The case proceeded to trial before a jury, and a verdict was returned in favor of the defendant insurance company. The plaintiff's motion for new trial on the general grounds only was denied, and the exception is to that judgment. *Held:*

While the evidence in this case was sufficient to authorize a finding that the plaintiff's cows died in the occurrence complained of, and that the same constituted an "overturning" or "upset" of the insured's vehicle under the terms of the insurance policy sued upon, such finding was not demanded by the evidence; and this court cannot therefore disturb the judgment of the trial court denying the plaintiff's motion for new trial on the general grounds only. The evidence here being in conflict as to the exact cause of the death of the cows and in other material aspects of the case, we cannot say that there was no evidence to support the verdict. Such a verdict cannot be set aside because a different verdict would have been authorized. *Scott v. Gillis,* 202 Ga. 220 (2) (43 SE2d 95); *Sweet v. Awtry,* 70 Ga. App. 334 (1) (28 SE2d 154); *Grace v. Grace,* 92 Ga. App. 693 (2) (89 SE2d 813).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED APRIL 2, 1963.

*Noah J. Stone, Hugh W. Stone,* for plaintiff in error.
*Hurt, Baird & Peek, J. Corbett Peek, Jr., Robert Todd,* contra.