## 40957. NATIONAL ORGANIC CORPORATION v. SOUTHERN BAG CORPORATION.

Bell, Presiding Judge. ■ Where the evidence is in conflict to the extent that a verdict and judgment would have been authorized either for the plaintiff or for the defendant, the judgment entered will not be set aside in this court solely on the general grounds of a motion for new trial. *Dan E. Austin, Jr. & Sons, Inc. v. Hartford Fire Ins. Co.*, 107 Ga. App. 553, 554 (130 SE2d 835). The above rule is effective and binding on the appellate courts in all cases including those in which the trial judge acts both as judge and jury. *Carroll v. Johnson*, 105 Ga. App. 541 (125 SE2d 91); *Melrose Hills Mem. Park Cem., Inc. v. Norris*, 100 Ga. App. 504, 506 (3) (111 SE2d 649).

■ A plea of total or partial failure of consideration is a permissible defense to an action founded upon a contract. *Robbins v. Hays*, 107 Ga. App. 12 (2) (128 SE2d 546). The burden of proving a prima facie case to recover the purchase price of goods sold is on the one claiming under the contract. The burden of sustaining the plea of total or partial failure of consideration is on the one asserting the defense. *Robbins*, supra; *Messer v. Hewitt*, 98 Ga. App. 498 (1) (106 SE2d 61).

■ In a suit on a contract to recover the purchase price of goods sold where the defense of failure, or partial failure of consideration is raised, a judgment of the trial court overruling the defendant's motion for new trial on the general grounds will not be set aside where the evidence shows that the plaintiff carried the burden of proving the prima facie case for the purchase price *unless the evidence demanded a finding of either* (1) *a total failure of consideration, or* (2) *a partial failure of consideration in some amount different from that embraced in the judgment.*

The evidence in this case authorized the verdict for the plaintiff. The evidence, although conflicting, did not demand a finding of total failure of consideration or a finding of a partial failure of consideration in an amount different from that embraced in the judgment.

The trial court did not err in denying the defendant's motion for new trial based solely on the general grounds.

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*

Decided February 1, 1965.

*Parks & Eisenberg, David S. Eisenberg,* for plaintiff in error. *Hurt, Hill, Richardson & Sosebee, Robert R. Richardson, Hugh D. Sosebee,* contra.