## 58215. TOOLE v. BROWNLOW & SONS COMPANY, INC.

CARLEY, Judge.

Brownlow & Sons Company, Inc. (Brownlow) filed suit alleging that Toole was indebted to it for improvements made to property. Toole answered and counterclaimed, asserting that he had entered into an agreement with Brownlow for the improvements for a total price of $8,275 but Brownlow had "failed to perform said agreement within a reasonable period of time as contemplated by the parties, performed inadequately, and [Toole] has been damaged thereby." Toole prayed that judgment be entered for him on his counterclaim "in an amount not less than any amount the jury may deem to be the amount of [Toole's] damages . . . or that such amount be set off against [Brownlow's] claim."

Trial of the case established two central issues. First, the question was presented whether or not certain items of improvements constituted changes or additions to the original agreement, thereby entitling Brownlow to additional compensation over and above the original agreed upon sum or whether those items were initially envisioned so that the charges therefor were encompassed

in the original contract price, as contended by Toole, and thus no additional amounts were owing. Second, while it was shown that Toole had accepted tender of the building wherein the improvements had been made and has paid Brownlow some $5,000, he had refused to pay any additional amounts, notwithstanding the fact that the undisputed contract price was in the amount of $8,275. Toole attempted to justify this position by arguing that even though the contract established no set date for completion, Brownlow had breached the agreement by failure to complete it within a "reasonable" time. He thus argued that he was entitled to a recoupment of all amounts in excess of $5,000 because of Brownlow's breach. Therefore, the issues for resolution at trial were the amount Brownlow was entitled to recover and, whatever the amount of that recovery might be, whether Toole was entitled to recoupment because of a breach by Brownlow.

After hearing all the evidence, the trial court ruled that Toole had failed to prove his entitlement to a recoupment because he had failed to show that the delay in the time of completion had resulted in any damage to him. A directed verdict was granted to Brownlow on Toole's counterclaim and the issue of Toole's entitlement to a recoupment on the contract price was removed from the jury's consideration. The case was then submitted to the jury solely on the issue of whether Brownlow was entitled to the sums it claimed for "additional" improvements or whether its recovery should be limited to the undisputed original contract price. The jury was instructed to return a verdict for Brownlow in an amount "not less than the contract price, original contract price" or in other words, not less than the $8,275 which was the undisputed original contract price. The jury returned a verdict for the full amount of Brownlow's claim, finding, in effect, that the disputed improvements were not part of the original agreement and that Brownlow was, therefore, entitled to additional compensation for them. Toole appeals.

1. Toole does not specifically enumerate as error the direction of a verdict against him on the recoupment counterclaim. He does enumerate, however, the trial court's resulting instruction to the jury that it return a

verdict in favor of Brownlow in an amount not less than the contract price of $8,275. Since this instruction, in effect, directed a verdict against Toole on the recoupment issue (by removing the question of Brownlow's breach from the jury's consideration), the validity of the directed verdict itself is raised for review. Code Ann. § 24-4514 (e).

"Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." Code Ann. § 20-1311. "The doctrine of *recoupment* is but an improvement upon the old doctrine of failure of consideration. It looks through the whole contract, treating it as an entirety, and regarding the things done and stipulated to be done on each side, as the consideration for the things done and stipulated to be done on the other; and when a plaintiff seeks redress for the breach of the stipulations in his favor, it *sums up* the grievances on each side, strikes a balance, and gives him a [judgment] for only such *difference* as may be found in his favor." *Lufburrow v. Henderson,* 30 Ga. 482 (2) (1860). Toole contends that there was evidence from which the jury could conclude that he wished to have the improvements made within a shorter period of time than the six months that Brownlow took to complete the job; that Brownlow's performance, therefore, was not made within a "reasonable" time; and that thus there was a partial failure of consideration warranting a recoupment, i.e., a downward adjustment of the contract price.

"A plea of total or partial failure of consideration is a permissible defense to an action founded upon a contract. [Cit.] The burden of proving a prima facie case to recover [on the contract] is on the one claiming under the contract. The burden of sustaining the plea of total or partial failure of consideration is on the one asserting the defense. [Cits.]" *National Organic Corp. v. Southern Bag Corp.,* 111 Ga. App. 111 (2) (140 SE2d 890) (1965). Under the circumstances of this case, Toole having admitted the existence of a contract with a contract price of $8,275, the burden was upon him to establish by a preponderance of the evidence his contention that he was not indebted in this amount because of a partial failure of consideration.

*King v. Rich,* 103 Ga. App. 50 (1) (118 SE2d 277) (1961). In meeting this burden of showing entitlement to a recoupment a party must not only show that there may have been a failure of consideration, he must also prove the extent of damage allegedly resulting from such failure. "It is well settled that '. . . the defendant can have no abatement from the purchase-price on account of a partial failure of consideration, unless he furnishes to the jury sufficient data to enable them to estimate with reasonable certainty the amount of the abatement.' [Cits.] '. . . [T]he defendant must then introduce enough proof to show how far the consideration has failed and how much loss has been occasioned by the failure, to justify the jury in fixing upon some definite amount, before there can be any reduction in the verdict from the full sum . . . We do not mean to say that this proof must establish the damage with arithmetical accuracy, but there must be such proof as to furnish a reasonable basis for the action of the jury when it comes to the question of abating the purchase.' [Cits.]" *Consolidated Phosphate Co. v. Sturtevant Co.,* 20 Ga. App. 474, 478 (93 SE 155) (1917). Accord, *Hunnicutt Co. v. Kane,* 21 Ga. App. 665 (2) (94 SE 821) (1917); *Frick Co. v. Lawson,* 50 Ga. App. 511, 517 (4) (179 SE 274) (1935). We have carefully studied the transcript in the instant case and conclude that Toole did not meet his burden. At most the evidence shows that Toole wanted to have the improvements made within "five or six weeks" because his son, who would be leaving the service at that time, planned to enter the business he was starting. Instead, the final work was not completed until some six months later. Even assuming that the evidence demonstrates a breach on Brownlow's part, there was absolutely no evidence presented as to the specific damages that may have resulted to Toole thereby. *Moore v. Smith,* 31 Ga. App. 491 (121 SE 136) (1924). Under these facts, a verdict which allowed Toole the benefit of recoupment for a partial failure of consideration would be unauthorized. *Consolidated Phosphate Co. v. Sturtevant,* supra, at 479; *Frick Co. v. Lawson,* supra. Consequently, there being no evidence from which the jury could determine the amount of recoupment, there was no error in directing a verdict in favor of Brownlow and

against Toole as to the failure of consideration issue. *Lingo v. Kirby,* 142 Ga. App. 278 (236 SE2d 26) (1977). Of the two issues raised, submission to the jury of only that one dealing with whether Brownlow was entitled to recover over and above the contract price for "additional" improvements was proper. Thus instructing the jury to return a verdict in an amount not less than the undisputed contract price, without recoupment for Toole, was not error.

The above stated rules and result reached thereunder would be the same if Toole's "counterclaim" for recoupment be construed as a defense to Brownlow's claim on the contract. *Big Builder, Inc. v. Evans,* 126 Ga. App. 457 (191 SE2d 290) (1972); *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124 (192 SE2d 513) (1972).

2. Failure by the court to give certain charges is enumerated as error. Without setting forth the text of the refused charges, suffice it to say that they related only to the question of Toole's entitlement to a recoupment for partial failure of consideration. Since we have held, in Division 1 of this opinion, that "there was no evidence from which the jury might, with reasonable accuracy, have assessed the amount of the diminution . . . the court did not err, therefore, in failing to charge the jury upon the defense of a partial failure of consideration." *Addison v. Cowart,* 43 Ga. App. 365 (2) (158 SE 804) (1931).

3. The court's failure to give two requested charges dealing with mutual assent to a contract is enumerated as error. It is Toole's contention that such charges were adjusted to the evidence, Brownlow having presented evidence that certain improvements were not included in the $8,275 contract price, while Toole testified that these "additional" improvements were included in the original contract figure.

Assuming without deciding that the charges were adjusted to the evidence for the reasons urged, no reversible error is shown. Not only must requested charges be adjusted to the evidence, they must also embrace " 'a correct and complete principle of law which has not been included in the general instructions given . . .' [Cit.]" *Roberson v. Hart,* 148 Ga. App. 343, 345 (251 SE2d 173) (1978). The charge to the jury in the instant

case included the following: *"To constitute a valid contract, there must be* parties able to contract, a consideration moving to the contract, *the assent or the agreement of the parties to the terms of the contract* and a subject matter upon which it can operate." (Emphasis supplied.) This charge, when read in context, instructed the jury that the burden was on Brownlow to show that the "additional" improvements were not part of the original contract, but were the result of a new agreement to which Toole assented. There was no error.

4. Toole enumerates as error the failure of the court to give his requested charge based on Code Ann. § 20-112, dealing with entire or severable contracts. It is urged that this charge was pertinent and adjusted to the evidence. We do not agree.

It was undisputed under the evidence that the "additional" improvements were completed and had been accepted by Toole. Toole did not contend that this work was in part performance of a contract on which there remained some future performance by Brownlow. Compare *Cleveland v. Schwaemmle,* 96 Ga. App. 724 (101 SE2d 611) (1957). Indeed, his entire "defense" was that the completed and accepted improvements were encompassed in the original contract and that Brownlow was not entitled, therefore, to any "additional" recovery. Brownlow, on the other hand, contended that the improvements were not included in the original agreement but were in "addition" to it and that a recovery over and above the original contract price was warranted. The question of "severability," whether Brownlow was entitled to recover for part performance of a divisible contract, was not raised by the evidence. Compare, *White v. Sailors,* 17 Ga. App. 550 (87 SE 831) (1916); *Swanson v. Chase,* 107 Ga. App. 295 (129 SE2d 873) (1963). Accordingly, there was no error in failing to charge in the language of Code Ann. § 20-112. The jury was properly instructed as to Brownlow's burden to prove the agreement for additional work and that it was entitled to recover an additional amount therefor. The jury determined, under the evidence, that Brownlow was so entitled. The evidence supports this verdict.

*Judgment affirmed. Deen, C. J., and Shulman, J.,*

*concur.*

SUBMITTED JULY 3, 1979 — DECIDED SEPTEMBER 11, 1979.

*James L. Ford,* for appellant.
*John G. McCullough,* for appellee.