A06A1937. MIDWAY RAILROAD CONSTRUCTION COMPANY, INC. v. BECK.

(636 SE2d 110)

PHIPPS, Judge.

Nancy Beck, as executrix of the estate of Jimmy Beck, sued Theron Beck and Midway Railroad Construction Company, Inc. (Midway) on various tort and contract claims. Midway filed a counterclaim against Beck for nonpayment of certain promissory notes made by the deceased. On cross-motions by Beck and Midway, the trial court awarded summary judgment to Beck on her tort claim against Midway and denied summary judgment to Midway as to its claims on the notes. Midway appeals. We affirm.

To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law.[1]

The following facts appear without dispute. Theron Beck and the deceased were brothers, as well as business partners and shareholders in Midway. The deceased owned 25 percent of the stock in the company until entering into an agreement in January 1996 to sell his shares to his brother for $250,000. At the same time, the deceased

---

[4] *Maldonado*, supra at 694 (citation omitted).
[5] See id.; compare *Wilson*, supra.
[1] OCGA § 9-11-56 (c).

bought 17 pieces of construction equipment from Midway and executed a $394,500 promissory note to the company in payment of the purchase price. In addition, he allowed Midway to use two certificates of deposit owned by another one of his corporations as collateral for loans to Midway. The deceased died in January 1999. In March 2000, Beck as executrix of his estate obtained a consent order from the Probate Court of Cobb County to sell the construction equipment to satisfy the unpaid balance of the equipment note.

Beck later brought this suit complaining, among other things, that Midway breached the agreement for sale of the construction equipment and prevented the sale of the equipment by retaining possession of some of the equipment and by refusing to transfer title to any of the equipment to the deceased, that Midway converted the certificates of deposit by refusing to pay off the debt secured by them or substitute other collateral for the debt, and that Theron Beck failed to make full payment for the deceased's Midway stock. Midway answered the complaint; and it filed a counterclaim seeking payment of an unpaid balance of $333,534.06 on the equipment note, as well as an unpaid balance of $67,011 on a series of five demand promissory notes payable to Midway on which the deceased was either sole or joint payor.

Beck and Midway filed cross-motions for summary judgment. The trial court awarded partial summary judgment to her and ordered Midway to release the certificates of deposit as collateral for its debt. The court denied Midway's motion for summary judgment on its claim for payment of the demand notes, finding on the basis of a provision in the sales agreement that the parties had not intended the deceased to repay the notes. The court found material issues of fact as to whether Midway's retention of possession and control of the construction equipment constitutes a defense to payment of the equipment note. Midway appeals.

1. Midway first contends that the trial court erred in awarding summary judgment to Beck on her claim for release of the certificates of deposit as collateral for the Midway debt, because there are factual issues concerning the amount of the debt and ownership of the certificates of deposit.

There is no merit in this contention. Under the order appealed, the amount of Midway's debt is not a material issue as the court directed it to release the collateral rather than provide Beck with funds to pay the debt. And it is undisputed that although the certificates of deposit were once titled in a corporate name, they have become estate assets.

2. For a number of reasons, Midway contends that the trial court erred in denying its motion for summary judgment on its claim for payment of the demand notes and equipment note.

"Once the record evidence, as here, shows a promissory note has been duly executed and is in default, a prima facie right to judgment is established and the burden shifts to the debtor to establish an affirmative defense."[2]

(a) Midway argues that it was entitled to summary judgment on Beck's defense of failure of consideration for the equipment note. This argument is without merit.

There is evidence that, although the equipment note was supported by ample consideration when it was executed, there was at least a partial failure of consideration after that time due to Midway's failure or refusal to deliver possession of five pieces of the equipment to the deceased or to transfer title to any of it to him.[3]

(b) And evidence submitted by Beck provided sufficient data from which a jury could determine the amount which she could thereby recoup against the contract price.[4] Although Theron Beck testified that Midway was not obligated to transfer title to the equipment to the deceased until the equipment note was fully paid, he produced no written agreement to that effect; and, under the UCC, "[a]ny retention or reservation by the seller of the title (property) in goods shipped and delivered to the buyer is limited in effect to a reservation of a security interest."[5] There was also evidence that Midway's failure to release the equipment prevented its sale to third parties and thereby constituted a breach of Midway's duty to mitigate damages.[6] Although the rule requiring mitigation of damages does not apply where there is an "absolute promise to pay" such as that made by an insurer or warrantor, this case does not involve such a promise.[7]

(c) Midway's contention that the trial court erred in denying its motion for summary judgment on its claim for payment of the demand notes has no merit. There is evidence that a provision in the stock sales agreement between the brothers extinguished the deceased's liability on the notes.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 31, 2006 — ▮▮▮▮▮▮▮▮

---

[2] *Miller v. Calhoun/Johnson Co.*, 230 Ga. App. 648, 649-650 (3) (b) (497 SE2d 397) (1998) (citation omitted).

[3] See generally OCGA § 13-5-9.

[4] *Robbins v. Hays*, 107 Ga. App. 12 (2) (128 SE2d 546) (1962).

[5] OCGA § 11-2-401 (1).

[6] See generally OCGA § 13-6-5.

[7] *Wachovia Bank of Ga. v. Namik*, 275 Ga. App. 229, 233 (2) (b) (620 SE2d 470) (2005).

*Reeves & Reeves, C. Fred Reeves, Charles F. Reeves, Jr.,* for appellant.

*Perrie & Cole, C. Terry Blanton,* for appellee.